# 14-1520-cv

IN THE

# United States Court of Appeals

## FOR THE SECOND CIRCUIT

◆━◆

JOTICA TALWAR,

*Plaintiff-Appellant,*

—against—

STATEN ISLAND UNIVERSITY HOSPITAL,
ANTHONY C. FERRERI, HENRY SIMPKINS,

*Defendants-Appellees.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

**JOINT APPENDIX
VOLUME I OF IV
(Pages 1 to 300)**

STEVEN M. SWIRSKY
JOHN FRANCIS FULLERTON III
EPSTEIN BECKER & GREEN, P.C.
250 Park Avenue
New York, New York 10177
(212) 351-4640

*Attorneys for Defendants-Appellees*

ALAN G. SERRINS
ANN B. MACADANGDANG
SERRINS FISHER LLP
233 Broadway
New York, New York 10279
(212) 571-0700

*Attorneys for Plaintiff-Appellant*

# TABLE OF CONTENTS

PAGE

District Court Docket Entries .......................................... A-1

Complaint, dated January 4, 2012 ...................................... A-9

Answer, dated March 12, 2012 ......................................... A-22

Amended Complaint, dated November 26, 2012 ....................... A-35

Answer to Amended Complaint, dated December 13, 2012 ............. A-50

Letter from John F. Fullerton III to the Honorable
    Carol Bagley Amon, dated February 20, 2013 ..................... A-65

Letter from John F. Fullerton III to the Honorable
    Carol Bagley Amon, dated February 22, 2013 ..................... A-68

Letter from Ann Macadangdang to the Honorable
    Carol Bagley Amon, dated February 27, 2013 ..................... A-69

Defendants' Notice of Motion for Summary Judgment,
    dated April 26, 2013 ............................................. A-72

Rule 56.1 Statement, dated April 26, 2013 ............................. A-75

Affidavit of Henry Simpkins, sworn to April 24, 2013 .................. A-95

Affidavit of Visitacion Pabicon, sworn to April 26, 2013 ............... A-99

Affidavit of Kokila Mody, sworn to April 26, 2013 ................... A-101

Affidavit of Monika Wrzolek, sworn to April 26, 2013 ............... A-103

Affidavit of Fanyi Kong, sworn to April 26, 2013 .................... A-105

ii

PAGE

Affirmation of John F. Fullerton III, in Support of Defendants'
Motion for Summary Judgment, dated April 26, 2013 . . . . . . . . . . . . . A-107

Exhibit 1 to Fullerton Affirmation—
Amended Complaint and Jury Demand,
dated November 26, 2012 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A-112

Exhibit 2 to Fullerton Affirmation—
Excerpts of Deposition Transcript of Jotica Talwar,
dated June 27, 2012 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A-128

Exhibit 3 to Fullerton Affirmation—
Excerpts of Deposition Transcript of Jotica Talwar,
dated July 10, 2012 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A-184

Exhibit 4 to Fullerton Affirmation—
Excerpts of Deposition Transcript of Jotica Talwar,
dated December 18, 2012 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A-197

Exhibit 5 to Fullerton Affirmation—
Excerpts of Deposition Transcript of Henry Simpkins,
dated August 14, 2012 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A-209

Exhibit 6 to Fullerton Affirmation—
Excerpts of Deposition Transcript of Lynne Opitz,
dated December 5, 2012 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A-224

Exhibit 7 to Fullerton Affirmation—
Excerpts of Deposition Transcript of Visitacion Pabicon,
dated December 6, 2012 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A-234

Exhibit 8 to Fullerton Affirmation—
Excerpts of Deposition Transcript of Kokila Mody,
dated December 6, 2012 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A-241

Exhibit 9 to Fullerton Affirmation—
Excerpts of Deposition Transcript of Monika Wrzolek,
dated December 6, 2012 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A-247

Exhibit 10 to Fullerton Affirmation—
Excerpts of Deposition Transcript of Fanyi Kong,
dated December 5, 2012 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A-252

iii

PAGE

Exhibit 11 to Fullerton Affirmation—
Excerpts of Deposition Transcript of Margaret DiAlto,
dated December 3, 2012......................................... A-258

Exhibit 12 to Fullerton Affirmation—
Excerpts of Deposition Transcript of Susan Browning,
dated December 3, 2012......................................... A-265

Exhibit 13 to Fullerton Affirmation—
Pathologist Annual Salaries 2007 to Present..................... A-272

Exhibit 14 to Fullerton Affirmation—
Resume of Jotica Talwar ........................................ A-274

Exhibit 15 to Fullerton Affirmation—
Resumes of Fanyi Kong.......................................... A-278

Exhibit 16 to Fullerton Affirmation—
Employment Contract of Jotica Talwar, dated May 3, 2007 ....... A-282

Exhibit 17 to Fullerton Affirmation—
Employment Contract of Jotica Talwar, dated August 14, 2008.... A-295

Exhibit 18 to Fullerton Affirmation—
Employment Contract of Jotica Talwar, dated July 9, 2009........ A-308

Exhibit 19 to Fullerton Affirmation—
Revised Employment Contract of Jotica Talwar,
dated September 3, 2009 ........................................ A-322

Exhibit 20 to Fullerton Affirmation—
Employment Contract of Visitacion Pabicon, dated May 3, 2007 .. A-336

Exhibit 21 to Fullerton Affirmation—
Employment Contract of Visitacion Pabicon, dated July 31, 2008 . A-349

Exhibit 22 to Fullerton Affirmation—
Employment Contract of Kokila Mody, dated May 3, 2007........ A-362

Exhibit 23 to Fullerton Affirmation—
Employment Contract of Kokila Mody, dated July 31, 2008 ....... A-375

iv

PAGE

Exhibit 24 to Fullerton Affirmation—
Employment Contract of Monika Wrzolek, dated May 3, 2007 .... A-388

Exhibit 25 to Fullerton Affirmation—
Employment Contract of Monika Wrzolek, dated July 31, 2008 ... A-401

Exhibit 26 to Fullerton Affirmation—
Employment Contract of Fanyi Kong, dated July 10, 2008 ........ A-414

Exhibit 27 to Fullerton Affirmation—
Memorandum from Janet Gilkeson to Dolores Brandenburg,
dated October 23, 2007 and Employment Contract of Bette
Lazzaro, dated September 24, 2007 .............................. A-425

Exhibit 28 to Fullerton Affirmation—
United States Citizenship and Immigration Services,
I-797C Notice of Action, dated August 20, 2010.................. A-440

Exhibit 29 to Fullerton Affirmation—
Printout from USCIS Website, dated April 16, 2013 .............. A-441

Exhibit 30 to Fullerton Affirmation—
Email Chain, dated January 7, 2010............................. A-445

Exhibit 31 to Fullerton Affirmation—
Termination Letter, dated January 15, 2010 ..................... A-447

Exhibit 32 to Fullerton Affirmation—
Request for Time Off, dated March 15, 2010 .................... A-449

Exhibit 33 to Fullerton Affirmation—
Letter from Alan Serrins to Arthur Fried and others,
dated March 15, 2010 .......................................... A-450

Exhibit 34 to Fullerton Affirmation—
Hospital Employees on a Work Visa ............................ A-451

Plaintiff's Response to Rule 56.1 Statement, dated May 28, 2013 ...... A-455

Declaration of Ann Macadangdang, for Plaintiff, in Opposition
    to Motion for Summary Judgment, dated May 24, 2013 ........... A-471

v

PAGE

Exhibit A to Macadangdang Declaration—
Affidavit of Jotica Talwar, sworn to May 24, 2013 ............... A-479

Exhibit B to Macadangdang Declaration—
Affidavit of Seema Varma, sworn to April 14, 2013 .............. A-487

Exhibit C to Macadangdang Declaration—
Equal Employment Opportunity Commission, Freedom of
Information Act Request, with Exhibits .......................... A-490

Exhibit D to Macadangdang Declaration—
Deposition Transcript of Jotica Talwar, dated June 27, 2012,
 July 10, 2012 and December 18, 2012 ........................... A-694

Exhibit E to Macadangdang Declaration—
Deposition Transcript of Mark Jarrett, dated December 5, 2012 ... A-807

Exhibit F to Macadangdang Declaration—
Deposition Transcript of Henry Simpkins, dated August 14, 2012 . A-820

Exhibit G to Macadangdang Declaration—
Deposition Transcript of Margaret DiAlto,
dated December 3, 2012......................................... A-861

Exhibit H to Macadangdang Declaration—
Deposition Transcript of Susan Browning,
dated December 3, 2012......................................... A-904

Exhibit I to Macadangdang Declaration—
Deposition Transcript of Lynne Opitz, dated December 5, 2012 ... A-935

Exhibit J to Macadangdang Declaration—
Deposition Transcript of Fanyi Kong, dated December 5, 2012.... A-953

Exhibit K to Macadangdang Declaration—
Deposition Transcript of Kokila Mody, dated December 6, 2012 .. A-972

Exhibit L to Macadangdang Declaration—
Deposition Transcript of Visitacion Pabicon,
dated December 6, 2012......................................... A-985

vi

PAGE

Exhibit M to Macadangdang Declaration—
Deposition Transcript of Monika Wrzolek,
dated December 6, 2012 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A-995

Exhibit N to Macadangdang Declaration—
Department of Pathology and Laboratory
Medicine Physicians Contract Renewals . . . . . . . . . . . . . . . . . . . . . . . A-1004

Exhibit O to Macadangdang Declaration—
Bates—Stamped Documents Nos. 1538 to 1539 . . . . . . . . . . . . . . . . A-1005

Exhibit P to Macadangdang Declaration—
Employment Agreement of Fanyi Kong, dated July 10, 2008 . . . . . A-1007

Exhibit Q to Macadangdang Declaration—
Employment Agreement of Fanyi Kong, dated July 9, 2009 . . . . . . A-1019

Exhibit R to Macadangdang Declaration—
Email from Henry Simpkins to Visitacion Pabicon and others,
dated August 18, 2009 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A-1033

Exhibit S to Macadangdang Declaration—
Advertisement entitled "Hematopathologist" . . . . . . . . . . . . . . . . . . . A-1034

Exhibit T to Macadangdang Declaration—
Staten Island University Hospital, Medical Staff Services
Policies and Procedures Manual, dated November 1, 2007 . . . . . . . A-1035

Exhibit U to Macadangdang Declaration—
Staten Island University Hospital, Human Resources
Policies and Procedures Manual, dated December 2005 . . . . . . . . . . A-1038

Exhibit V to Macadangdang Declaration—
Email Chain, dated September 22, 2009 . . . . . . . . . . . . . . . . . . . . . . . . . A-1039

Exhibit W to Macadangdang Declaration—
Staten Island University Hospital, Job Description Form,
Management . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A-1041

Exhibit X to Macadandang Declaration—
Approval Notice, Class: O1, valid from August 1, 2009
to July 31, 2010 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A-1043

vii

PAGE

Exhibit Y to Macadangdang Declaration—
Physician on a Limited License, effective September 10, 1999
to September 30, 2011 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A-1044

Exhibit Z to Macadangdang Declaration—
Curriculum Vitae of Matthew T. Hurford, M.D.,
dated March 2010. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A-1045

Exhibit AA to Macadangdang Declaration—
Email Chain from Magaret DiAlto to Jotica Talwar . . . . . . . . . . . . . A-1050

Exhibit BB to Macadangdang Declaration—
Notes Re Jotica Talwar, M.D. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A-1051

Exhibit CC to Macadangdang Declaration—
Email Chains Re Filing of Petition. . . . . . . . . . . . . . . . . . . . . . . . . . . . A-1054

Exhibit DD to Macadangdang Declaration—
Email from Ann Marie Henderson to Henry Simpkins,
dated September 8, 2009 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A-1056

Exhibit EE to Macadangdang Declaration—
Email from Ann Marie Henderson to Dolores Brandenburg,
dated August 27, 2009 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A-1057

Exhibit FF to Macadangdang Declaration—
Email from Henry Simpkins to Dolores Brandenburg
and Ann Marie Henderson, dated August 27, 2009. . . . . . . . . . . . . . A-1058

Exhibit GG to Macadangdang Declaration—
Email from Alan Serrins to Margaret DiAlto,
dated February 8, 2010, with Attached Correspondence . . . . . . . . . . A-1059

Exhibit HH to Macadangdang Declaration—
Email from Margaret DiAlto to Mary Beth Springstead,
dated February 10, 2010 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A-1063

Exhibit II to Macadangdang Declaration—
Email from Jotica Talwar to Arthur Fried, dated January 18, 2010
and Handwritten Notes of Susan Browning,
dated January 19, 2010. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A-1064

viii

PAGE

Exhibit JJ to Macadangdang Declaration—
Email from Henry Simpkins to Jotica Talwar and others,
dated September 24, 2009 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A-1065

Exhibit KK to Macadangdang Declaration—
Email from Henry Simpkins to Margaret DiAlto and Susan
Browning, dated October 8, 2009, with Citizenship Status of
Pathology Department . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A-1066

Exhibit LL to Macadangdang Declaration—
Curriculum Vitae of Matthew T. Hurford, M.D.,
dated March 2010 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A-1068

Exhibit MM to Macadangdang Declaration—
List of Pathologists . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A-1073

Defendants' Counter-Statement to Rule 56.1 Statement,
dated June 21, 2013 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A-1074

Reply Affirmation of John F. Fullerton III, for Defendants,
in Further Support of Motion for Summary Judgment,
dated June 21, 2013 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A-1077

Exhibit 35 to Fullerton Affirmation—
Employment Agreement of Matthew Hurford,
dated January 21, 2010 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A-1079

Letter from Ann Macadangdang to the Honorable
Carol Bagley Amon, dated November 14, 2013 . . . . . . . . . . . . . . . . . . A-1095

Exhibit Z to Macadangdang Declaration—
Employment Agreement of Matthew Hurford,
dated January 21, 2010 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A-1096

Plaintiff's Notice of Appeal, dated April 29, 2014 . . . . . . . . . . . . . . . . . . . A-1111

# A-1

APPEAL

# U.S. District Court
# Eastern District of New York (Brooklyn)
# CIVIL DOCKET FOR CASE #: 1:12-cv-00033-CBA-JMA

| | |
|---|---|
| Talwar v. Staten Island University Hospital et al | Date Filed: 01/04/2012 |
| Assigned to: Chief Judge Carol Bagley Amon | Date Terminated: 03/31/2014 |
| Referred to: Magistrate Judge Joan M. Azrack | Jury Demand: Plaintiff |
| Cause: 42:2000e Job Discrimination (Employment) | Nature of Suit: 442 Civil Rights: Jobs |
| | Jurisdiction: Federal Question |

**Plaintiff**

**Jotica Talwar**       represented by   **Alan G. Serrins**
Serrins Fisher LLC
233 Broadway, Suite 2340
New York, NY 10279
212-384-0202
Fax: 212-233-3801
Email: alan@serrinsfisher.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Staten Island University Hospital**       represented by   **Steven M. Swirsky**
Epstein Becker & Green, P.C.
Suite 913
250 Park Avenue
New York, NY 10177
212-351-4500
Fax: 212-878-8650
Email: sswirsky@ebglaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John Francis Fullerton**
Epstein Becker & Green, P.C.
250 Park Avenue
New York, NY 10177
212-351-4580
Fax: 212-878-8670

# A-2

Email: jfullerton@ebglaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Anthony C. Ferreri**        represented by **Steven M. Swirsky**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John Francis Fullerton**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Henry Simpkins**        represented by **Steven M. Swirsky**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John Francis Fullerton**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/04/2012 | 1 | COMPLAINT against All Defendants Disclosure Statement on Civil Cover Sheet completed -yes,, filed by Jotica Talwar. (Attachments: # 1 Civil Cover Sheet) (Bowens, Priscilla) (Entered: 01/05/2012) |
| 01/04/2012 | | FILING FEE: $ 350, receipt number 4653038211 (Bowens, Priscilla) (Entered: 01/05/2012) |
| 01/04/2012 | | Summons Issued as to All Defendants. (Bowens, Priscilla) (Entered: 01/05/2012) |
| 01/05/2012 | | SCHEDULING ORDER: An Initial Conference will be held in Courtroom 6E, 225 Cadman Plaza East, before Magistrate Judge Azrack on March 29, 2012, at 12:30 PM. All counsel must be present and are advised to review Judge Azrack's revised Individual Rules, which are available on the District Court's web site, prior to the conference. ***Plaintiff's counsel is directed to confirm with defendant's counsel that all necessary participants are aware of this conference.*** Any request for an adjournment must be made in the form of a letter motion filed on ECF at least forty-eight (48) hours before the scheduled conference and must indicate which parties consent to the adjournment. Ordered by Magistrate Judge Joan M. Azrack on 1/5/2012. (Beauchamp, Peter) (Entered: 01/05/2012) |
| 02/21/2012 | 2 | NOTICE of Appearance by John Francis Fullerton on behalf of Anthony C. Ferreri, Henry Simpkins, Staten Island University Hospital (aty to be noticed) (Fullerton, John) |

|  |  | (Entered: 02/21/2012) |
|---|---|---|
| 02/21/2012 | 3 | STIPULATION re 1 Complaint *to Extend Defendants' Time in Which to Answer or Oterwise Respond to the Complaint* by Anthony C. Ferreri, Henry Simpkins, Staten Island University Hospital (Fullerton, John) (Entered: 02/21/2012) |
| 02/21/2012 |  | ORDER TO ANSWER as to All Defendants: Stipulation 3 extending time of the defendants to answer, move, or otherwise respond to the complaint is hereby SO ORDERED. Defendants must answer, move, or otherwise respond to the complaint by March 8, 2012. Ordered by Magistrate Judge Joan M. Azrack on 2/21/2012. (White, Sarah) (Entered: 02/21/2012) |
| 02/22/2012 | 4 | NOTICE of Appearance by Steven M. Swirsky on behalf of Anthony C. Ferreri, Henry Simpkins, Staten Island University Hospital (aty to be noticed) (Swirsky, Steven) (Entered: 02/22/2012) |
| 03/12/2012 | 5 | Corporate Disclosure Statement by Staten Island University Hospital (Fullerton, John) (Entered: 03/12/2012) |
| 03/12/2012 | 6 | ANSWER to 1 Complaint by Anthony C. Ferreri, Henry Simpkins, Staten Island University Hospital. (Fullerton, John) (Entered: 03/12/2012) |
| 03/29/2012 | 7 | Letter MOTION to Amend/Correct/Supplement 1 Complaint *Request for So Ordered Stipulation regarding correction to Paragraph 67 of the Complaint* by Jotica Talwar. (Attachments: # 1 Stipulation) (Serrins, Alan) (Entered: 03/29/2012) |
| 03/29/2012 | 8 | Minute Entry for proceedings held before Magistrate Judge Joan M. Azrack: Initial Conference Hearing held on 3/29/2012. Counsel for both sides present. Rule 26 completed. First set of document requirements and interrogatories due 4/27/12. Responses due 6/1/12. Deposition to take place by 9/28/12. Status Conference via telephone set for 9/13/2012 at 11:00 AM in Chambers before Magistrate Judge Joan M. Azrack. Conference stipulation executed. (Manuel, Germaine) (Entered: 03/30/2012) |
| 03/30/2012 |  | ORDER granting 7 Motion to Amend/Correct/Supplement: With consent of all parties, the complaint is hereby modified in accordance with document 7 . Formal amendment of the complaint is not necessary. Ordered by Magistrate Judge Joan M. Azrack on 3/30/2012. (Beauchamp, Peter) (Entered: 03/30/2012) |
| 03/30/2012 | 9 | STIPULATION *And Order of Confidentiality (So Ordered by The Honorable Magistrate Judge Joan M. Azrack on March 29, 2012)* by Anthony C. Ferreri, Henry Simpkins, Staten Island University Hospital, Jotica Talwar (Fullerton, John) (Entered: 03/30/2012) |
| 09/07/2012 | 10 | NOTICE of Change of Address by Alan G. Serrins (Serrins, Alan) (Entered: 09/07/2012) |
| 09/13/2012 | 11 | Minute Entry for proceedings held before Magistrate Judge Joan M. Azrack: Status Conference held via telephone on 9/13/2012. Counsel for both sides present. Settlement Conference set for 9/25/2012 at 11:30 AM in Courtroom 6E North before Magistrate Judge Joan M. Azrack. Factual Discovery to be extended to 12/21/12. (Manuel, |

|            |        |                                                                                                                                                                                                                                                                                                                                                                                          |
|------------|--------|--------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|            |        | Germaine) (Entered: 09/17/2012)                                                                                                                                                                                                                                                                                                                                                          |
| 09/25/2012 | 12     | Minute Entry for proceedings held before Magistrate Judge Joan M. Azrack:Status Conference held on 9/25/2012. Counsel for parties present. Telephone Conference set for 10/5/2012 12:00 PM in Courtroom 6E North before Magistrate Judge Joan M. Azrack re scheduling additional settlement conference. (Fernandez, Erica) (Entered: 09/25/2012)                                            |
| 10/05/2012 | 13     | Minute Entry for proceedings held before Magistrate Judge Joan M. Azrack:Status Conference held on 10/5/2012. Counsel for parties present. Settlement Conference set for 10/18/2012 at 01:30 PM in Courtroom 6E North before Magistrate Judge Joan M. Azrack. (Fernandez, Erica) (Entered: 10/11/2012)                                                                                     |
| 10/16/2012 |        | SCHEDULING ORDER: Due to an unanticipated change in the Court's calendar, the conference scheduled before Magistrate Judge Azrack for October 18, 2012 at 1:30 PM is hereby rescheduled for October 18, 2012 at 1:00 PM in Courtroom 6E, 225 Cadman Plaza East. Counsel are directed to confer and ensure that all parties are aware of the new date and time. Any requests for adjournment must be made via letter filed on ECF at least two days in advance of the scheduled conference and must indicate which parties consent to the adjournment. Ordered by Magistrate Judge Joan M. Azrack on 10/16/2012. (Weiner, Amy) (Entered: 10/16/2012) |
| 10/18/2012 | 15     | Minute Entry for proceedings held before Magistrate Judge Joan M. Azrack:Settlement Conference held on 10/18/2012. Counsel for parties present. Deposition to be completed by 12/31/12; Telephone Conference set for 1/22/2013 at 11:00 AM before Magistrate Judge Joan M. Azrack re whether deft will make summary judgment motion. (Fernandez, Erica) (Entered: 10/22/2012)             |
| 10/19/2012 | 14     | Letter MOTION for pre motion conference *for permission to file amended complaint* by Jotica Talwar. (Attachments: # 1 Exhibit 1) (Serrins, Alan) (Entered: 10/19/2012)                                                                                                                                                                                                                   |
| 10/31/2012 | 16     | Defendant's Letter in Opposition to Plaintiff's Motion to Amend her Complaint. Submitted to chambers by fax due to technical difficulties arising from the hurricane. (Banker, Michelle) (Entered: 10/31/2012)                                                                                                                                                                            |
| 11/21/2012 | 17     | Letter MOTION to Withdraw *Defendants Opposition to Plaintiff's Proposed Amended Complaint* by Anthony C. Ferreri, Henry Simpkins, Staten Island University Hospital. (Fullerton, John) (Entered: 11/21/2012)                                                                                                                                                                             |
| 11/21/2012 |        | Motions terminated, docketed incorrectly: 17 Letter MOTION to Withdraw *Defendants Opposition to Plaintiff's Proposed Amended Complaint* filed by Henry Simpkins, Anthony C. Ferreri, Staten Island University Hospital. Document should have been filed as a letter. (Gapinski, Michele) (Entered: 11/21/2012)                                                                            |
| 11/21/2012 | 18     | Letter *to The Honorable Joan M. Azrack* by Anthony C. Ferreri, Henry Simpkins, Staten Island University Hospital (Fullerton, John) (Entered: 11/21/2012)                                                                                                                                                                                                                                 |
| 11/26/2012 |        | ORDER finding as moot 14 Motion for Pre Motion Conference. Defendants have withdrawn 18 their opposition 16 to the motion 14 . Plaintiff is directed to file the proposed amended complaint by December 3, 2012. Ordered by Magistrate Judge Joan                                                                                                                                         |

# A-5

| | | M. Azrack on 11/26/2012. (Weiner, Amy) (Entered: 11/26/2012) |
|---|---|---|
| 11/26/2012 | 19 | AMENDED COMPLAINT against All Defendants, filed by Jotica Talwar. (Attachments: # 1 Exhibit 1) (Serrins, Alan) (Entered: 11/26/2012) |
| 12/13/2012 | 20 | ANSWER to 19 Amended Complaint by All Defendants. (Fullerton, John) (Entered: 12/13/2012) |
| 01/22/2013 | 21 | Minute Entry for proceedings held before Magistrate Judge Joan M. Azrack:Discovery Hearing held on 1/22/2013. Counsel for parties present. Conference adjourned 1 week. Telephone Conference set for 1/29/2013 at 02:00 PM in Courtroom 6E North before Magistrate Judge Joan M. Azrack. (Fernandez, Erica) (Entered: 01/24/2013) |
| 01/29/2013 | 22 | Minute Entry for proceedings held before Magistrate Judge Joan M. Azrack:Status Conference held on 1/29/2013. Counsel for parties present. Application to make summary judgment motion by 2/20/13. (Fernandez, Erica) (Entered: 01/31/2013) |
| 02/20/2013 | 23 | Letter MOTION for pre motion conference by Anthony C. Ferreri, Henry Simpkins, Staten Island University Hospital. (Fullerton, John) (Entered: 02/20/2013) |
| 02/22/2013 | 24 | Letter MOTION for pre motion conference *(corrected letter)* by Anthony C. Ferreri, Henry Simpkins, Staten Island University Hospital. (Fullerton, John) (Entered: 02/22/2013) |
| 02/22/2013 | | SCHEDULING ORDER: A premotion conference will be held on March 19, 2013 at 2:00pm in Courtroom 10 D before Chief Judge Amon. (Liberatore, Marie) (Entered: 02/22/2013) |
| 02/27/2013 | 25 | Letter *Response to Defendants' Letter Requesting Pre Motion Conference* by Jotica Talwar (Macadangdang, Ann) (Entered: 02/27/2013) |
| 03/19/2013 | | Minute Entry for proceedings held before Chief Judge Carol Bagley Amon: Pre Motion Conference held on 3/19/2013. For plaintiff: Ann Macadangdang. For defendant: John Fullerton. Settlement discussions held, no settlement reached. Defendants are to serve their motion for summary judgment by April 26, 2013. Plaintiff's opposition is due May 25, 2013. Defendants' reply is due June 17, 2013. Oral argument will be held on July 1, 2013 at 2:00 p.m. in Courtroom 10D South. (Court Reporter Loan Hong.) (Banker, Michelle) (Entered: 03/19/2013) |
| 04/26/2013 | 26 | Letter by Anthony C. Ferreri, Henry Simpkins, Staten Island University Hospital (Fullerton, John) (Entered: 04/26/2013) |
| 05/08/2013 | | NOTICE: Oral argument currently set for July 1, 2013 before Chief Judge Amon is adjourned without date. (Liberatore, Marie) (Entered: 05/08/2013) |
| 05/28/2013 | 27 | Letter *Opposition to Summary Judgment* by Jotica Talwar (Macadangdang, Ann) (Entered: 05/28/2013) |
| 06/12/2013 | 28 | Letter MOTION for Extension of Time to File *Reply Brief in Support of Motion For Summary Judgment* by Anthony C. Ferreri, Henry Simpkins, Staten Island University Hospital. (Fullerton, John) (Entered: 06/12/2013) |

**A-6**

| | | |
|---|---|---|
| 06/13/2013 | | ORDER: re 28 Motion for extension until June 21, 2013 to file Defendants' Reply on consent. APPLICATION GRANTED. So Ordered by Chief Judge Carol Bagley Amon on 6/13/2013. (Liberatore, Marie) (Entered: 06/13/2013) |
| 06/21/2013 | 29 | Notice of MOTION for Summary Judgment by Anthony C. Ferreri, Henry Simpkins, Staten Island University Hospital. (Fullerton, John) (Entered: 06/21/2013) |
| 06/21/2013 | 30 | RULE 56.1 STATEMENT re 29 Notice of MOTION for Summary Judgment filed by Anthony C. Ferreri, Henry Simpkins, Staten Island University Hospital. (Fullerton, John) (Entered: 06/21/2013) |
| 06/21/2013 | 31 | MEMORANDUM in Support re 29 Notice of MOTION for Summary Judgment filed by Anthony C. Ferreri, Henry Simpkins, Staten Island University Hospital. (Fullerton, John) (Entered: 06/21/2013) |
| 06/21/2013 | 32 | RULE 56.1 STATEMENT filed by Jotica Talwar. (Macadangdang, Ann) *(Modified)* (Entered: 06/21/2013) |
| 06/21/2013 | 33 | AFFIDAVIT/DECLARATION in Opposition re 29 Notice of MOTION for Summary Judgment filed by Jotica Talwar. (Macadangdang, Ann) (Entered: 06/21/2013) |
| 06/21/2013 | 34 | MEMORANDUM in Opposition *Memorandum of Law on Behalf of Plaintiff in Opposition to Defendants' Motion for Summary Judgment* filed by Jotica Talwar. (Macadangdang, Ann) (Entered: 06/21/2013) |
| 06/21/2013 | 35 | REPLY in Opposition re 32 Rule 56.1 Statement *Defendants' Counter-Statement to Plaintiff's Statement of Additional Facts Pursuant to Local Rule 56.1(B)* filed by Anthony C. Ferreri, Henry Simpkins, Staten Island University Hospital. (Fullerton, John) (Entered: 06/21/2013) |
| 06/21/2013 | 36 | AFFIDAVIT/DECLARATION in Support re 29 Notice of MOTION for Summary Judgment *Reply Affirmation of John F. Fullerton III in Support of Defendants' Motion for Summary Judgment* filed by Anthony C. Ferreri, Henry Simpkins, Staten Island University Hospital. (Fullerton, John) (Entered: 06/21/2013) |
| 06/21/2013 | 37 | MEMORANDUM in Support re 29 Notice of MOTION for Summary Judgment *Reply Memorandum in Support of Defendants' Motion for Summary Judgment* filed by Anthony C. Ferreri, Henry Simpkins, Staten Island University Hospital. (Fullerton, John) (Entered: 06/21/2013) |
| 06/21/2013 | 38 | Letter *to The Honorable Judge Carol Bagley Amon* by Anthony C. Ferreri, Henry Simpkins, Staten Island University Hospital (Fullerton, John) (Entered: 06/21/2013) |
| 08/15/2013 | | SCHEDULING ORDER: re 29 Defendants' Motion for Summary Judgment. Oral argument will be held on Wednesday, October 30, 2013 at 2:30pm in Courtroom 10D South before Chief Judge Amon. So Ordered by Chief Judge Carol Bagley Amon on 8/15/2013. (Liberatore, Marie) (Entered: 08/15/2013) |
| 10/29/2013 | | NOTICE OF TIME CHANGE ONLY: Oral argument will be held at 2:00pm on Wednesday, October 30, 2013 in Courtroom 10D South before Chief Judge Amon. |

| | | |
|---|---|---|
| | | (Liberatore, Marie) (Entered: 10/29/2013) |
| 10/30/2013 | | <u>SCHEDULING ORAL ARGUMENT</u>: Re 29 Motion for Summary Judgment. Oral argument will be held on Thursday, November 21, 2013 at 3:30 PM in Courtroom 10D South before Chief Judge Carol Bagley Amon. So Ordered by Chief Judge Carol Bagley Amon on 10/30/2013. (Liberatore, Marie) (Entered: 10/30/2013) |
| 11/14/2013 | <u>39</u> | Letter *Re Exhibit Z* by Jotica Talwar (Macadangdang, Ann) (Entered: 11/14/2013) |
| 11/21/2013 | | Minute Entry re 29 Notice of MOTION for Summary Judgment filed by Henry Simpkins, Anthony C. Ferreri, Staten Island University Hospital. Oral argument held before Chief Judge Amon on 11/21/2013. Appearances: For Plaintiff - Ann Macadangdang. For Defendants - John Fullerton III. DECISION RESERVED.(Court Reporter Holly Driscoll.)(Hajjar, Tanya) (Entered: 11/21/2013) |
| 01/29/2014 | <u>40</u> | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on November 21, 2013, before Judge Amon. Court Reporter/Transcriber H. Driscoll, Telephone number 718-613-2274. Email address: hdrisc@aol.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 2/19/2014. Redacted Transcript Deadline set for 3/3/2014. Release of Transcript Restriction set for 4/29/2014. (Driscoll, Holly) (Entered: 01/29/2014) |
| 03/31/2014 | <u>41</u> | MEMORANDUM AND ORDER granting 29 Motion for Summary Judgment; For the reasons stated, the Court grants defendants' motion for summary judgment in its entirety. The Clerk of Court is directed to terminate all pending motions, enter judgment accordingly, and close the case. Ordered by Chief Judge Carol Bagley Amon on 3/31/14. fwd for judgment (Fernandez, Erica) (Entered: 04/01/2014) |
| 04/03/2014 | <u>42</u> | CLERK'S JUDGMENT directing that Defendants motion for summary judgment isgranted in its entirety; and that Plaintiff shall recover nothing of the Defendants. Ordered by Janet Hamilton, Deputy Clerk on 3/31/14. c/m with appeal pkg (Fernandez, Erica) (Entered: 04/03/2014) |
| 04/29/2014 | <u>43</u> | NOTICE OF APPEAL as to 42 Clerk's Judgment, 41 Order on Motion for Summary Judgment, by Jotica Talwar. Filing fee paid. Receipt #4653073297. Service done electronically. (McGee, Mary Ann) (Entered: 04/30/2014) |
| 04/29/2014 | <u>44</u> | USCA Appeal Fees received $ 505.00 receipt number 4653073297 re 43 Notice of Appeal filed by Jotica Talwar (McGee, Mary Ann) (Entered: 05/02/2014) |
| 04/30/2014 | | Electronic Index to Record on Appeal sent to US Court of Appeals. 43 Notice of Appeal Documents are available via Pacer. For docket entries without a hyperlink or for documents under seal, contact the court and we'll arrange for the document(s) to be made available to you. (McGee, Mary Ann) (Entered: 04/30/2014) |
| 05/02/2014 | | First Supplemental Electronic Index to Record on Appeal sent to US Court of Appeals. 43 Notice of Appeal 44 Fee Receipt (McGee, Mary Ann) (Entered: 05/02/2014) |

**A-8**

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 07/14/2014 11:00:58 | | | |
| **PACER Login:** | rp0118 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:12-cv-00033-CBA-JMA |
| **Billable Pages:** | 6 | **Cost:** | 0.60 |

**A-9**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

JOTICA TALWAR,

                               **Plaintiff,**

    **-against-**

STATEN ISLAND UNIVERSITY HOSPITAL,
ANTHONY C. FERRERI, and HENRY SIMPKINS,

                            **Defendants.**
-------------------------------------------------------------------X

ECF CASE

Civil Action No.:

**COMPLAINT**

**Jury Trial Demanded**

    Plaintiff JOTICA TALWAR by and through her attorneys, SERRINS & ASSOCIATES, LLC, complains of Defendants STATEN ISLAND UNIVERSITY HOSPITAL ("SIUH" or "Hospital"), ANTHONY C. FERRERI, and HENRY SIMPKINS (collectively, "Defendants") as follows:

## NATURE OF THE ACTION

1. This action is brought to challenge Defendants' practice of gender discrimination, national origin discrimination, and retaliation in the terms, conditions, and privileges of Plaintiff's employment in violation of 42 U.S.C. § 2000e *et seq.* ("Title VII"), the New York State Human Rights Law, Executive Law § 296 *et seq.* ("NYSHRL"), and the Administrative Code of the City of New York, § 8-101 *et seq.* ("NYCHRL").

2. This action is also seeks remedies for Defendants' failure to pay Plaintiff equal pay in violation of 42 U.S.C. § 2000e-2; 706 of the Civil Rights Act, as amended, 29 U.S.C. § 206(d); and the Lilly Ledbetter Fair Pay Act.

3. Pursuant to § 8-502(c) of the City Law, prior to filing this complaint with the court, Plaintiff served a copy of this complaint on the City of New York Commission on Human Rights and on the City of New York Corporation Counsel.

**A-10**

4. All conditions to jurisdiction under Title VII have been met. Plaintiff filed a Charge of Discrimination on March 15, 2010 and received a Notice of her Right to Sue from the Equal Employment Opportunity Commission on January 3, 2012, thereby giving Plaintiff the right to proceed in Federal Court and giving this Court jurisdiction. *See* Exhibit 1 attached hereto.

## JURISDICTION AND VENUE

5. Jurisdiction of this Court is proper under 28 U.S.C. §1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States. Supplemental jurisdiction over Plaintiff's state law claims is conferred by 28 U.S.C. § 1367(a).

6. Jurisdiction is also based on diversity of citizenship of the parties pursuant to 28 U.S.C. § 1332 by reason of the diversity of the citizenship of the parties. Plaintiff is a resident of the State of New Jersey and upon information and belief; Defendants are either residents of and/or maintain a principal place of business in the State of New York. The amount of controversy in this action, exclusive of interest and costs, well exceeds $75,000.

7. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) in that Defendants maintain offices and conduct business in this district. Plaintiff was employed by Defendants in this district.

## PARTIES

8. Doctor Jotica Talwar specializes in pathology. She holds a valid medical license, possesses fellowship training, and obtained board certification in a subspecialty (hematopathology).

2

**A-11**

9.  In June 2007, Defendants hired Dr. Talwar as a direct employee of the Hospital to provide services in hematopathology and surgical pathology.

10. Defendant SIUH is a domestic non-for-profit corporation organized under the laws of New York and operates a teaching hospital in Richmond County.

11. Defendant Anthony C. Ferreri is the President and Chief Executive Officer for SIUH.

12. Defendant Henry Simpkins, Ph.D, M.D. serves as Chairman of SIUH's Department of Pathology & Laboratory Medicine.

13. Defendant SIUH employs more than fifteen (15) people for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and is an employer within the definition of Title VII, the NYSHRL, and the NYCHRL.

14. Upon information and belief, Defendants at all time mentioned herein were the agents, servants, and/or employees of each other Defendant and each other Defendant was acting within the course and/or scope of his or its authority as the agent, servant, and/or employee of each other Defendant. Consequently, all the Defendants served as joint employers of Plaintiff and may be held jointly and severally liable to the Plaintiff for the losses sustained as a proximate result of the Defendants' conduct.

15. In addition to their professional capacities, Defendants Ferreri and Simpkins may be held individually liable under the NYSHRL and the NYCHRL as employers, given that the Defendants had power to do more than carry out personnel decisions made by others.

16. Defendants, at all relevant times recommended, partook, or otherwise participated in the adverse actions against Plaintiff and therefore, aided and abetted in the discriminatory acts against Plaintiff.

3

**A-12**

## FACTUAL ALLEGATIONS

17. Plaintiff, Dr. Jotica Talwar, is an Indian woman who opposed discrimination.

18. Dr. Talwar is the wife of an American citizen, and mother of three children, all of whom are American citizens.

19. Dr. Talwar was authorized to work in the United States by virtue of Defendants' sponsorship of her O-1 Immigration visa.

20. On August 16, 1999, Dr. Talwar began working as an attending pathologist for Defendant SIUH through a contract the Hospital entered into with South Shore Pathology, P.C.

21. Dr. Talwar met the legitimate expectations of her employer. In support of Dr. Talwar's work visa, Defendants informed the Immigration and Naturalization Service that Dr. Talwar "has done a remarkable job developing and managing the hematopathology and flow cytometry section of the Hospital's laboratory," asserted that Dr. Talwar has "outstanding capabilities in hematopathology and surgical pathology" and indicated that Defendant SIUH "depends on her expertise."

22. In June 2007, Dr. Talwar became a direct employee of the Hospital.

23. The Hospital knew that Talwar held a limited medical license and offered an annual employment agreement effective June 1, 2007 and expiring on May 31, 2008. Specifically, Defendant Ferreri executed this contract on behalf of SIUH, which waived a requirement that Dr. Talwar obtain an "unlimited license" to practice medicine.

24. As opposed to a limited medical license, an unlimited license requires citizenship or permanent residence. Dr. Talwar was not eligible for an unlimited medical license unless and until her application for permanent residence was approved.

4

**A-13**

25. The following year, the Defendants renewed Dr. Talwar's employment agreement. Specifically, Defendant Ferreri executed a contract effective from July 1, 2008 to June 30, 2009, which only required that Dr. Talwar "hold a valid license" to practice medicine as opposed to an unlimited medical license.

26. Six months prior to the expiration of Plaintiff's 2008-2009 employment agreement, Dr. Talwar learned that Defendant paid a similarly situated male pathologist who began working for the Hospital in 2008, who was less qualified and who had less experience than her, substantially more money (almost forty thousand dollars more per year). Dr. Talwar complained to Defendant Simpkins about the disparate treatment with regard to compensation.

27. In July 2009, Defendants issued a renewal of Plaintiff's employment agreement that would be effective from July 1, 2009 to June 30, 2010. This agreement dated July 9, 2009, failed to include a raise in compensation equivalent to the similarly situated male pathologist.

28. In opposition to this disparate treatment, Dr. Talwar refused to sign the agreement dated July 9, 2009. Moreover, in August 2009, Plaintiff complained to Defendant Simpkins again about Defendants' gender-based disparate pay practice.

29. Within weeks of this August 2009 complaint, Defendants engaged in discriminatory and retaliatory conduct including, but not limited to the following:

    a.  sending Plaintiff emails demanding that Dr. Talwar submit proof of citizenship or permanent residence;

    b.  recruiting candidates to replace Dr. Talwar in her pathology position; and

5

c. issuing Dr. Talwar a revised employment agreement dated September 3, 2010, which included a newly added requirement that would allow the Hospital to terminate Dr. Talwar's employment if Plaintiff did not procure an unlimited medical license by December 31, 2009.

30. The revised employment agreement dated September 3, 2009, covered the same term (i.e. July 1, 2009 to June 30, 2010) as the previously issued employment agreement dated July 9, 2009. Yet unlike the July 9, 2009 contract, the September 3, 2009 revised contract that Defendants issued weeks after Plaintiff complained about disparate treatment, included a provision that made the failure "to secure an unlimited license to practice medicine in the State of New York" a basis for termination of the agreement.

31. Unlike the revised employment agreement dated September 3, 2009, the prior two employment agreements executed by Dr. Talwar and Defendants in the years 2008 and 2007 never required Plaintiff to hold an unlimited medical license.

32. Upon information and belief, at the time Defendants issued the revised employment agreement dated September 3, 2009 to Plaintiff:

a. Defendants knew that Dr. Talwar held a legitimate license to practice medicine in the State of New York that was valid through to July 31, 2010, and subject to renewal (rendering the requirement to have Plaintiff obtain an unlimited license by December 31, 2009 superfluous);

b. Defendants knew that based on Dr. Talwar's immigration status as an Indian national, she did not qualify for the requirements to obtain an unlimited license to practice medicine in the State of New York; and

6

**A-15**

    c.   Defendants were already taking measures to recruit and/or advertise for a new hire to fill a pathologist vacancy at the Hospital following Dr. Talwar's inevitable termination of employment. Upon information and belief, Defendants issued an advertisement for a Senior and/or Junior Pathologist position. The advertisement was intended to run through to December 30, 2009 (i.e. the same time frame that Defendants gave Plaintiff to obtain an unlimited medical license) and applications in response to this posting were to be sent by interested candidates to Defendant Simpkins for consideration.

33. Upon information and belief, Defendants were setting Plaintiff up for termination of employment in the New Year 2010.

34. Defendants' actions relating to the requirement that Dr. Talwar obtain an unlimited medical license for which only citizens and permanent residents can qualify constitutes discrimination on the basis of Plaintiff's national origin because Defendants' decision to issue a revised employment agreement dated September 3, 2009 was at least in part motivated by animus against Dr. Talwar as an Indian national.

35. Defendants' actions relating to Dr. Talwar's licensure also constitutes retaliation for opposing discrimination. Upon information and belief, at the time Plaintiff was required to procure an unlimited medical license, Defendants' permitted other Hospital doctor-employees who did not complain of discrimination to continue working for Defendants with only a limited medical license, including cardiologists, oncologists, and attending physicians who were authorized to work for SIUH with an H1-B visa.

**A-16**

36. Plaintiff informed Defendants that she undertook measures to adjust her immigration status so that she could obtain her permanent residence and qualify for an unlimited medical license.

37. Despite knowing that the process to adjust Dr. Talwar's immigration status was estimated to take time, yet likely to be approved, Defendants nevertheless sent Dr. Talwar a letter dated January 15, 2010, informing her that her employment will be terminated effective March 31, 2010. The letter also indicated that her decision to end her services prior to March 31, 2010 would be deemed a resignation by Defendants.

38. Defendants' discriminatory and retaliatory actions caused Plaintiff emotional distress. Termination from Defendant SIUH's employment threatened to cause separation between Dr. Talwar and her family (inclusive of her minor, young children who are United States Citizens) because Dr. Talwar's immigration status in the United States was premised on her work authorization under the O-1 Visa that SIUH had been sponsoring for her.

39. In addition, immigration counsel advised Dr. Talwar that if she lost her SIUH job, the only options available for her to stay in the United States with her family was to either obtain a new position with an employer willing to sponsor her work visa or in the event of unemployment, apply for a hardship waiver from the Department of Homeland Security.[1]

40. Knowing that the disclosure of a termination of employment on her record would hinder her ability to find new employment, Plaintiff had no choice but to resign prior to the March 31, 2010 effective date of termination of employment set by Defendants.

---

[1] Plaintiff applied for a waiver based *inter alia* on the hardship that would ensue if Dr. Talwar were forced to separate from her family. The waiver was approved by the Department of Homeland Security's Division of U.S. Citizenship and Immigration Services after Plaintiff's constructive termination of employment.

41. On March 15, 2010, counsel for Dr. Talwar notified Defendants that Plaintiff had been subjected to "discriminatory and retaliatory actions" by Defendants. Counsel also submitted on Dr. Talwar's behalf, two weeks' notice of resignation and informed the Hospital that Dr. Talwar's resignation amounted to constructive termination of her employment.

42. On March 16, 2010, Defendants continued their discriminatory and retaliatory treatment of Dr. Talwar by sending Plaintiff's counsel a letter stating that that they rejected her allegations of discrimination and retaliation, demanded proof of Dr. Talwar's travels to India, and without any legitimate basis, threatened Dr. Talwar with allegations of misconduct.

43. On December 20, 2010, the United States Citizenship and Immigration Services issued Dr. Talwar her Permanent Residency status in the United States.

<u>FIRST CLAIM FOR RELIEF</u>

44. Plaintiff repeats and realleges paragraphs 1 - 43 as if fully set forth herein.

45. By the acts and practices described above, Defendants subjected Dr. Talwar to gender discrimination in violation of Title VII and the NYSHRL.

46. Defendants knew that their actions constituted gender discrimination and/or willfully disregarded Plaintiff's statutorily protected rights.

47. Plaintiff is now suffering mental anguish, pain, suffering and monetary damages as a result of Defendants' discriminatory conduct.

<u>SECOND CLAIM FOR RELIEF</u>

48. Plaintiff repeats and realleges paragraphs 1 - 47 as if fully set forth herein.

**A-18**

49. By the acts and practices described above, Defendants subjected Dr. Talwar to national origin discrimination in violation of Title VII and the NYSHRL.

50. Defendants knew that their actions constituted national origin discrimination and/or willfully disregarded Plaintiff's statutorily protected rights.

51. Plaintiff is now suffering mental anguish, pain, suffering and monetary damages as a result of Defendants' discriminatory conduct.

<u>THIRD CLAIM FOR RELIEF</u>

52. Plaintiff repeats and realleges paragraphs 1 - 51 as if fully set forth herein.

53. By the acts and practices described above, Defendants subjected Dr. Talwar to retaliation in violation of Title VII and the NYSHRL.

54. Defendants knew that their actions constituted retaliation and/or willfully disregarded Plaintiff's statutorily protected rights.

55. Plaintiff is now suffering mental anguish, pain, suffering and monetary damages as a result of Defendants' discriminatory conduct.

<u>FOURTH CLAIM FOR RELIEF</u>

56. Plaintiff repeats and realleges paragraphs 1 - 55 as if fully set forth herein.

57. By the acts and practices described above, Defendants denied Dr. Talwar comparable wages on the basis of her sex in violation of Title VII, the Equal Pay Act, and the Lily Ledbetter Fair Pay Act.

58. Plaintiff received her last paycheck from Defendants in or around March 2010 and filed her charge discrimination with the Equal Employment Opportunity Commission in March 2010.

10

**A-19**

59. Defendants knew that their actions constituted discriminatory and unequal pay and/or willfully disregarded Plaintiff's statutorily protected rights.

60. Upon information and belief, the difference in pay between Dr. Talwar and the similarly situated male pathologist at SIUH resulted in a disparity of approximately $48, 069.00 in 2010 and $ 38, 260.00 in 2009. Under the Lilly Ledbetter Fair Pay Act, Plaintiff is entitled to the recovery of her comparable back pay wages from two years prior to the filing of her charge which is estimated at approximately $86, 329.00.

61. Plaintiff is now also suffering mental anguish, pain, suffering and monetary damages as a result of Defendants' discriminatory conduct.

## FIFTH CLAIM FOR RELIEF

62. Plaintiff repeats and realleges paragraphs 1 - 61 as if fully set forth herein.

63. By the acts and practices described above, Defendants discriminated against Dr. Talwar on the basis of her gender in violation the NYCHRL.

64. Defendants knew that their actions constituted gender discrimination and/or willfully disregarded Plaintiff's statutorily protected rights.

65. Plaintiff is now suffering mental anguish, pain, suffering, and monetary damages as a result of Defendants' discriminatory conduct.

## SIXTH CLAIM FOR RELIEF

66. Plaintiff repeats and realleges paragraphs 1 – 65 as if fully set forth herein.

67. By the acts and practices described above, Defendants discriminated against Dr. Talwar on the basis of her national origin.

68. Defendants knew that their actions constituted national origin discrimination and/or willfully disregarded Plaintiff's statutorily protected rights.

**A-20**

69. Plaintiff is now suffering mental anguish, pain, suffering, and monetary damages as a result of Defendants' discriminatory conduct.

## SEVENTH CLAIM FOR RELIEF

70. Plaintiff repeats and realleges paragraphs 1 – 69 as if fully set forth herein.

71. By the acts and practices described above, Defendants retaliated against Dr. Talwar in violation of the NYCHRL.

72. Defendants knew that their actions constituted unlawful retaliation and/or willfully disregarded Plaintiff's statutorily protected rights.

73. Plaintiff is now suffering mental anguish, pain, suffering and monetary damages as a result of Defendants' retaliatory conduct.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment:

    a. awarding, on the First through Seventh Causes of Action, compensatory, punitive, mental anguish and pain and suffering damages as a result of Defendants' discriminatory and retaliatory conduct, in an amount exceeding the jurisdictional prerequisites;

    b. awarding Plaintiff such interest as allowed by law;

    c. awarding Plaintiff her reasonable attorneys' fees and costs; and

    d. granting such other and further relief as this Court deems necessary and proper.

12

**A-21**

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury.


Dated: January 4, 2012
       New York, New York

                                    *Ann Macadangdang*
                                    Alan Serrins, Esq. (AS 4739)
                                    Ann Macadangdang, Esq. (AM 1198)
                                    SERRINS & ASSOCIATES LLC
                                    *Attorneys for Plaintiff*
                                    233 Broadway, 18th Floor
                                    New York, New York 10279
                                    (212) 384-0202


To:

Staten Island University Hospital
c/o Arthur J. Fried, Esq.
Senior Vice President, General Counsel
Staten Island University Hospital
475 Seaview Avenue
Staten Island, New York 10305-3498

Anthony C. Ferreri
President and Chief Executive Officer
Staten Island University Hospital
475 Seaview Avenue
Staten Island, New York 10305

Henry Simpkins, Ph.D, M.D.
Chairman, Department of Pathology &
Laboratory Medicine
Staten Island University Hospital
One Edgewater Plaza, 1st Floor
Staten Island, New York 10305

13

EPSTEIN BECKER & GREEN, P.C.
Steven M. Swirsky
John F. Fullerton III
250 Park Avenue
New York, New York  10177-1211
(212) 351-4500
Attorneys for Defendants

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOTICA TALWAR,                          :     ECF Case
                                        :
                        Plaintiff,      :
                                        :     Case No.: 12 Civ. 0033 (CBA)(JMA)
              - against -               :
                                        :     **ANSWER**
STATEN ISLAND UNIVERSITY HOSPITAL,      :
ANTHONY C. FERRERI, and HENRY SIMPKINS, :
                                        :
                                        :
                                        :
                        Defendants.     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

        Defendants STATEN ISLAND UNIVERSITY HOSPITAL ("the Hospital"),

ANTHONY C. FERRERI ("Ferreri") and HENRY SIMPKINS ("Simpkins") (collectively

"Defendants"), through their attorneys Epstein Becker & Green, P.C., hereby answer the

Complaint filed by Plaintiff JOTICA TALWAR ("Plaintiff") as follows:

## NATURE OF THE ACTION

        1.     The allegations set forth in paragraph 1 of the Complaint constitute

statements and conclusions of law to which no response is required.  To the extent that paragraph

1 is deemed to contain factual allegations, Defendants deny them.

        2.     The allegations set forth in paragraph 2 of the Complaint constitute

statements and conclusions of law to which no response is required.  To the extent that paragraph

2 is deemed to contain factual allegations, Defendants deny them.

3.      Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Complaint.

4.      The allegations set forth in paragraph 3 of the Complaint constitute statements and conclusions of law to which no response is required.  To the extent that paragraph 4 is deemed to contain factual allegations, Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5.      The allegations set forth in paragraph 5 of the Complaint constitute statements and conclusions of law to which no response is required.  To the extent that paragraph 5 is deemed to contain factual allegations, Defendants deny them.

6.      The allegations set forth in paragraph 6 of the Complaint constitute statements and conclusions of law to which no response is required.  To the extent that paragraph 6 is deemed to contain factual allegations, deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Complaint, except admit that the Hospital maintains a principal place of business in the State of New York, and Ferreri and Simpkins are residents of the State of New York.

7.      The allegations set forth in paragraph 7 of the Complaint constitute statements and conclusions of law to which no response is required.  To the extent that paragraph 7 is deemed to contain factual allegations, Defendants deny them, except admit that the Hospital conducts business and employed Plaintiff in this district.

## PARTIES

8.     Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Complaint.

9.     Defendants deny the allegations set forth in paragraph 9 of the Complaint, except admit that the Hospital hired Plaintiff effective June 1, 2007 as an Attending Physician and that Plaintiff advised the Hospital that she had a specialty in Hematopathology.

10.     Defendants admit the allegations set forth in paragraph 10 of the Complaint.

11.     Defendants admit the allegations set forth in paragraph 11 of the Complaint.

12.     Defendants deny the allegations set forth in paragraph 12 of the Complaint, except admit that Simpkins serves as the Hospital's Chairman of Pathology.

13.     The allegations set forth in paragraph 13 of the Complaint constitute statements and conclusions of law to which no response is required.  To the extent that paragraph 13 is deemed to contain factual allegations, Defendants deny them.

14.     The allegations set forth in paragraph 14 of the Complaint constitute statements and conclusions of law to which no response is required.  To the extent that paragraph 14 is deemed to contain factual allegations, Defendants deny them.

15.     The allegations set forth in paragraph 15 of the Complaint constitute statements and conclusions of law to which no response is required.  To the extent that paragraph 15 is deemed to contain factual allegations, Defendants deny them.

16.     Defendants deny the allegations set forth in paragraph 16 of the

Complaint.

## FACTUAL ALLEGATIONS

17.     The allegations set forth in paragraph 17 of the Complaint constitute, in part, statements and conclusions of law to which no response is required.  To the extent that paragraph 17 is deemed to contain factual allegations, Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Complaint.

18.     Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the Complaint.

19.     The allegations set forth in paragraph 19 of the Complaint constitute, in part, statements and conclusions of law to which no response is required.  To the extent that paragraph 19 is deemed to contain factual allegations, Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the Complaint, except admit that Simpkins sent a letter to Plaintiff's immigration attorney, dated July 22, 2009, which had been requested and, upon information and belief, drafted by Plaintiff's immigration attorney.

20.     Defendants deny the allegations set forth in paragraph 20 of the Complaint.

21.     Defendants deny the allegations set forth in paragraph 21 of the Complaint, except admit that Simpkins sent a letter to Plaintiff's immigration attorney, dated July 22, 2009, which had been requested and, upon information and belief, drafted by Plaintiff's immigration attorney.

22.    Defendants deny the allegations set forth in paragraph 22 of the Complaint, except admit that the Hospital hired Plaintiff effective June 1, 2007.

23.    Defendants deny the allegations set forth in paragraph 23 of the Complaint, except admit that Plaintiff and the Hospital entered into an employment agreement dated May 3, 2007, with Plaintiff, the content of which speaks for itself.

24.    The allegations set forth in paragraph 24 of the Complaint constitute, in part, statements and conclusions of law to which no response is required.  To the extent that paragraph 24 is deemed to contain factual allegations, Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the Complaint.

25.    Defendants deny the allegations set forth in paragraph 25 of the Complaint, except admit that Plaintiff and the Hospital entered into an employment agreement dated August 14, 2008, the content of which speaks for itself.

26.    Defendants deny the allegations set forth in paragraph 26 of the Complaint.

27.    Defendants deny the allegations set forth in paragraph 27 of the Complaint, except admit that the Hospital offered Plaintiff an employment agreement dated July 9, 2009, the content of which speaks for itself.

28.    Defendants deny the allegations set forth in paragraph 28 of the Complaint, except admit that Plaintiff did not sign the employment agreement dated July 9, 2009 that the Hospital offered to her.

29.    Defendants deny the allegations set forth in paragraph 29 of the Complaint

5

and each sub-paragraph thereof.

30.     Defendants deny the allegations set forth in paragraph 30 of the Complaint, except admit that the Hospital offered Plaintiff an employment agreement dated September 3, 2009, which Plaintiff did not sign, the content of which speaks for itself.

31.     Defendants deny the allegations set forth in paragraph 31 of the Complaint, except admit that the contents of the employment agreements dated May 3, 2007 and August 14, 2008 and the unsigned agreement of September 3, 2009 speak for themselves.

32.     Defendants deny the allegations set forth in paragraph 32 of the Complaint and each sub-paragraph thereof.

33.     Defendants deny the allegations set forth in paragraph 33 of the Complaint.

34.     Defendants deny the allegations set forth in paragraph 34 of the Complaint.

35.     Defendants deny the allegations set forth in paragraph 35 of the Complaint.

36.     Defendants deny the allegations set forth in paragraph 36 of the Complaint.

37.     Defendants deny the allegations set forth in paragraph 37 of the Complaint, except admit that the Hospital sent Plaintiff a letter dated January 15, 2010, the content of which speaks for itself.

38.     Defendants deny the allegations set forth in paragraph 38 of the Complaint.

39.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 39 of the Complaint.

40.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 40 of the Complaint.

41.     Defendants deny the allegations set forth in paragraph 41 of the Complaint, except admit that counsel for Plaintiff sent a letter to several individuals employed by the Hospital, dated March 15, 2010, the content of which speaks for itself.

42.     Defendants deny the allegations set forth in paragraph 42 of the Complaint, except admit that the Hospital sent a letter to Plaintiff's counsel, dated March 16, 2010, the content of which speaks for itself.

43.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 43 of the Complaint.

### FIRST CLAIM FOR RELIEF

44.     In response to paragraph 44 of the Complaint, Defendants repeat and reallege their responses to paragraphs 1 through 43 of the Complaint as if set forth fully herein.

45.     Defendants deny the allegations set forth in paragraph 45 of the Complaint.

46.     Defendants deny the allegations set forth in paragraph 46 of the Complaint.

47.     Defendants deny the allegations set forth in paragraph 47 of the Complaint.

## SECOND CLAIM FOR RELIEF

48.     In response to paragraph 48 of the Complaint, Defendants repeat and reallege their responses to paragraphs 1 through 47 of the Complaint as if set forth fully herein.

49.     Defendants deny the allegations set forth in paragraph 49 of the Complaint.

50.     Defendants deny the allegations set forth in paragraph 50 of the Complaint.

51.     Defendants deny the allegations set forth in paragraph 51 of the Complaint

## THIRD CLAIM FOR RELIEF

52.     In response to paragraph 52 of the Complaint, Defendants repeat and reallege their responses to paragraphs 1 through 51 of the Complaint as if set forth fully herein.

53.     Defendants deny the allegations set forth in paragraph 53 of the Complaint.

54.     Defendants deny the allegations set forth in paragraph 54 of the Complaint.

55.     Defendants deny the allegations set forth in paragraph 55 of the Complaint.

## FOURTH CLAIM FOR RELIEF

56.     In response to paragraph 56 of the Complaint, Defendants repeat and reallege their responses to paragraphs 1 through 55 of the Complaint as if set forth fully herein.

57.     Defendants deny the allegations set forth in paragraph 57 of the

Complaint.

58.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 58 of the Complaint, except admit that the Hospital paid Plaintiff her last paycheck in or around March 2010.

59.     Defendants deny the allegations set forth in paragraph 59 of the Complaint.

60.     Defendants deny the allegations set forth in paragraph 60 of the Complaint.

61.     Defendants deny the allegations set forth in paragraph 61 of the Complaint.

### FIFTH CLAIM FOR RELIEF

62.     In response to paragraph 62 of the Complaint, Defendants repeat and reallege their responses to paragraphs 1 through 61 of the Complaint as if set forth fully herein

63.     Defendants deny the allegations set forth in paragraph 63 of the Complaint.

64.     Defendants deny the allegations set forth in paragraph 64 of the Complaint.

65.     Defendants deny the allegations set forth in paragraph 65 of the Complaint.

### SIXTH CLAIM FOR RELIEF

66.     In response to paragraph 66 of the Complaint, Defendants repeat and

reallege their responses to paragraphs 1 through 65 of the Complaint as if set forth fully herein

67.     Defendants deny the allegations set forth in paragraph 67 of the Complaint.

68.     Defendants deny the allegations set forth in paragraph 68 of the Complaint.

69.     Defendants deny the allegations set forth in paragraph 69 of the Complaint.

## SEVENTH CLAIM FOR RELIEF

70.     In response to paragraph 70 of the Complaint, Defendants repeat and realalege their responses to paragraphs 1 through 69 of the Complaint as if set forth fully herein

71.     Defendants deny the allegations set forth in paragraph 71 of the Complaint.

72.     Defendants deny the allegations set forth in paragraph 72 of the Complaint.

73.     Defendants deny the allegations set forth in paragraph 73 of the Complaint.

## PRAYER FOR RELIEF

74.     Deny each and every sub-paragraph of Plaintiff's Prayer for Relief and deny that Plaintiff is entitled to any relief whatsoever.

## DEMAND FOR A TRIAL BY JURY

75.     Aver that the paragraph entitled "Demand for Trial by Jury" is a jury

demand to which no response is required.

## DEFENSES

### FIRST DEFENSE

76.     The Complaint fails to state a claim, in whole or in part, upon which relief could be granted.

### SECOND DEFENSE

77.     Plaintiff is barred from recovering against Defendants based on the doctrines of unclean hands, waiver and/or estoppel.

### THIRD DEFENSE

78.     The Complaint fails to state a claim against Defendants Ferreri and Simpkins because they are not employers under Title VII or the Equal Pay Act and because, as a matter of State and City law, they cannot be aiders and abettors.

### FOURTH DEFENSE

79.     Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

### FIFTH DEFENSE

80.     Plaintiff's claims are barred because the Hospital has reasonable policies and procedures in place to prevent and correct promptly the harm alleged, and Plaintiff unreasonably failed to avail herself of those policies and procedures or to avoid harm otherwise.

### SIXTH DEFENSE

81.     All decisions related to Plaintiff, if any, were based upon legitimate, non-discriminatory business reasons.

### SEVENTH DEFENSE

82.     Plaintiff's claims for punitive damages and/or an award of attorneys' fees and/or costs are barred, in whole or in part, because such damages are not available for some or all of the claims and because Defendants did not engage in any conduct rising to the level required to sustain such awards.

### EIGHTH DEFENSE

83.     Plaintiff's claims are barred, in whole or in part, due to her failure to mitigate some or all of his damages, and because she is not eligible to receive the relief requested.

### NINTH DEFENSE

84.     The Complaint is barred in whole or in part by the exclusivity of the New York Workers' Compensation Law.


WHEREFORE, Defendants respectfully request that this Court dismiss the Complaint and all claims for relief set forth therein with prejudice and grant such other and further relief as this Court may find just and proper, including reimbursement for the attorneys' fees and costs incurred in defending this action.

Dated: New York, New York
       March 12, 2012

                                    By:  __s/ Steven M. Swirsky____
                                         Steven M. Swirsky
                                         John F. Fullerton III
                                    Epstein Becker & Green, P.C.
                                    250 Park Avenue
                                    New York, New York  10177
                                    (212) 351-4640
                                    (212) 878-8650 (fax)
                                    sswirsky@ebglaw.com

To:    Alan Serrins
       Ann Macadangdang
       Serrins & Associates LLC
       233 Broadway, 18th Floor
       New York, New York 10279
       Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X    **ECF CASE**
JOTICA TALWAR,

                                                 Plaintiff,          CV No.: 12-33(CBA)(JMA)

         -against-                                                   **AMENDED COMPLAINT**

STATEN ISLAND UNIVERSITY HOSPITAL,
ANTHONY C. FERRERI, and HENRY SIMPKINS,              Jury Trial Demanded

                                                 Defendants.
------------------------------------------------------------------------X

         Plaintiff JOTICA TALWAR by and through her attorneys, SERRINS FISHER LLP,

complains of Defendants STATEN ISLAND UNIVERSITY HOSPITAL ("SIUH" or

"Hospital"), ANTHONY C. FERRERI, and HENRY SIMPKINS (collectively, "Defendants") as

follows:

## NATURE OF THE ACTION

1. This action is brought to challenge Defendants' practice of gender discrimination,

     national origin discrimination, alienage discrimination, and retaliation in the terms,

     conditions, and privileges of Plaintiff's employment in violation of 42 U.S.C. § 2000e *et*

     *seq.* ("Title VII"), 42 U.S.C. Section 1981 *as amended* (hereinafter also referred to as

     ("Sec. 1981"), the Fourteenth Amendment to the United States Constitution, the New

     York State Human Rights Law, Executive Law § 296 *et seq.* ("NYSHRL"), and the

     Administrative Code of the City of New York, § 8-101 *et seq.* ("NYCHRL").

2. This action also seeks remedies for Defendants' failure to pay Plaintiff equal pay in

     violation of 42 U.S.C. § 2000e-2; 706 of the Civil Rights Act, as amended, 29 U.S.C. §

     206(d); the Lilly Ledbetter Fair Pay Act; and New York State Labor Law §194.

3.  Pursuant to § 8-502(c) of the City Law, prior to filing this complaint with the court, Plaintiff served a copy of this complaint on the City of New York Commission on Human Rights and on the City of New York Corporation Counsel.

4.  All conditions to jurisdiction under Title VII have been met.  Plaintiff filed a Charge of Discrimination on March 15, 2010 and received a Notice of her Right to Sue from the Equal Employment Opportunity Commission on January 3, 2012, thereby giving Plaintiff the right to proceed in Federal Court and giving this Court jurisdiction.  *See* Exhibit 1 attached hereto.

## JURISDICTION AND VENUE

5.  Jurisdiction of this Court is proper under 28 U.S.C. §1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States. Supplemental jurisdiction over Plaintiff's state law claims is conferred by 28 U.S.C. § 1367(a).

6.  Jurisdiction is also based on diversity of citizenship of the parties pursuant to 28 U.S.C. § 1332 by reason of the diversity of the citizenship of the parties.  Plaintiff is a resident of the State of New Jersey and upon information and belief; Defendants are either residents of and/or maintain a principal place of business in the State of New York.  The amount of controversy in this action, exclusive of interest and costs, well exceeds $75,000.

7.  Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) in that Defendants maintain offices and conduct business in this district.  Plaintiff was employed by Defendants in this district.

## PARTIES

8.  Doctor Jotica Talwar specializes in pathology.  She holds a valid medical license, possesses fellowship training, and obtained board certification in a subspecialty (hematopathology).

9.  In June 2007, Defendants hired Dr. Talwar as a direct employee of the Hospital to provide services in hematopathology and surgical pathology.

10. Defendant SIUH is a domestic non-for-profit corporation organized under the laws of New York and operates a teaching hospital in Richmond County.

11. Defendant Anthony C. Ferreri is the President and Chief Executive Officer for SIUH.

12. Defendant Henry Simpkins, Ph.D, M.D. serves as Chairman of SIUH's Department of Pathology & Laboratory Medicine.

13. Defendant SIUH employs more than fifteen (15) people for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and is an employer within the definition of Title VII, the NYSHRL, and the NYCHRL.

14. Upon information and belief, Defendants at all time mentioned herein were the agents, servants, and/or employees of each other Defendant and each other Defendant was acting within the course and/or scope of his or its authority as the agent, servant, and/or employee of each other Defendant.  Consequently, all the Defendants served as joint employers of Plaintiff and may be held jointly and severally liable to the Plaintiff for the losses sustained as a proximate result of the Defendants' conduct.

15. In addition to their professional capacities, Defendants Ferreri and Simpkins may be held individually liable under the NYSHRL and the NYCHRL as employers, given that the Defendants had power to do more than carry out personnel decisions made by others.

16. Defendants, at all relevant times recommended, partook, or otherwise participated in the adverse actions against Plaintiff and therefore, aided and abetted in the discriminatory acts against Plaintiff.

## FACTUAL ALLEGATIONS

17. Plaintiff, Dr. Jotica Talwar, is an Indian woman who opposed discrimination.

18. Dr. Talwar is the wife of an American citizen, and mother of three children, all of whom are American citizens.

19. Dr. Talwar was authorized to work in the United States by virtue of Defendants' sponsorship of her O-1 Immigration visa.

20. On August 16, 1999, Dr. Talwar began working as an attending pathologist for Defendant SIUH through a contract the Hospital entered into with South Shore Pathology, P.C.

21. Dr. Talwar met the legitimate expectations of her employer.  In support of Dr. Talwar's work visa, Defendants informed the Immigration and Naturalization Service that Dr. Talwar "has done a remarkable job developing and managing the hematopathology and flow cytometry section of the Hospital's laboratory," asserted that Dr. Talwar has "outstanding capabilities in hematopathology and surgical pathology" and indicated that Defendant SIUH "depends on her expertise."

22. In June 2007, Dr. Talwar became a direct employee of the Hospital.

23. The Hospital knew that Talwar held a limited medical license and offered an annual employment agreement effective June 1, 2007 and expiring on May 31, 2008. Specifically, Defendant Ferreri executed this contract on behalf of SIUH, which waived a requirement that Dr. Talwar obtain an "unlimited license" to practice medicine.

4

24. As opposed to a limited medical license, an unlimited license requires citizenship or permanent residence.   Dr. Talwar was not eligible for an unlimited medical license unless and until her application for permanent residence was approved.

25. The following year, the Defendants renewed Dr. Talwar's employment agreement. Specifically, Defendant Ferreri executed a contract effective from July 1, 2008 to June 30, 2009, which only required that Dr. Talwar "hold a valid license" to practice medicine as opposed to an unlimited medical license.

26. Six months prior to the expiration of Plaintiff's 2008-2009 employment agreement, Dr. Talwar learned that Defendant paid a similarly situated male pathologist who began working for the Hospital in 2008, who was less qualified and who had less experience than her, substantially more money (almost forty thousand dollars more per year).  Dr. Talwar complained to Defendant Simpkins about the disparate treatment with regard to compensation.

27. In July 2009, Defendants issued a renewal of Plaintiff's employment agreement that would be effective from July 1, 2009 to June 30, 2010.  This agreement dated July 9, 2009, failed to include a raise in compensation equivalent to the similarly situated male pathologist.

28. In opposition to this disparate treatment, Dr. Talwar refused to sign the agreement dated July 9, 2009.  Moreover, in August 2009, Plaintiff complained to Defendant Simpkins again about Defendants' gender-based disparate pay practice.

29. Within weeks of this August 2009 complaint, Defendants engaged in discriminatory and retaliatory conduct including, but not limited to the following:

    a.   sending Plaintiff emails demanding that Dr. Talwar submit proof of citizenship or permanent residence;

    b.   recruiting candidates to replace Dr. Talwar in her pathology position; and

    c.   issuing Dr. Talwar a revised employment agreement dated September 3, 2010, which included a newly added requirement that would allow the Hospital to terminate Dr. Talwar's employment if Plaintiff did not procure an unlimited medical license by December 31, 2009.

30. The revised employment agreement dated September 3, 2009, covered the same term (i.e. July 1, 2009 to June 30, 2010) as the previously issued employment agreement dated July 9, 2009.  Yet unlike the July 9, 2009 contract, the September 3, 2009 revised contract that Defendants issued weeks after Plaintiff complained about disparate treatment, included a provision that made the failure "to secure an unlimited license to practice medicine in the State of New York" a basis for termination of the agreement.

31. Unlike the revised employment agreement dated September 3, 2009, the prior two employment agreements executed by Dr. Talwar and Defendants in the years 2008 and 2007 never required Plaintiff to hold an unlimited medical license.

32. Upon information and belief, at the time Defendants issued the revised employment agreement dated September 3, 2009 to Plaintiff:

    a.   Defendants knew that Dr. Talwar held a legitimate license to practice medicine in the State of New York that was valid through to July 31, 2010, and subject to renewal (rendering the requirement to have Plaintiff obtain an unlimited license by December 31, 2009 superfluous);

6

b.  Defendants knew that based on Dr. Talwar's immigration status as an Indian national, she did not qualify for the requirements to obtain an unlimited license to practice medicine in the State of New York;

c.  At the time Defendants changed the terms and conditions of her employment as reflected in her employment agreement dated September 3, 2009, Defendants knew that her O-1 Visa work authorization was approved through to and including July 31, 2010;

and

d.  Defendants were already taking measures to recruit and/or advertise for a new hire to fill a pathologist vacancy at the Hospital following Dr. Talwar's inevitable termination of employment.  Upon information and belief, Defendants issued an advertisement for a Hematopathologist Pathologist position.  The advertisement was intended to run through to December 30, 2009 (i.e. the same time frame that Defendants gave Plaintiff to obtain an unlimited medical license) and applications in response to this posting were to be sent by interested candidates to Defendant Simpkins for consideration.

33. Upon information and belief, Defendants were setting Plaintiff up for termination of employment in the New Year 2010.

34. Defendants' actions relating to the requirement that Dr. Talwar obtain an unlimited medical license for which only citizens and permanent residents can qualify constitutes discrimination on the basis of Plaintiff's national origin because Defendants' decision to issue a revised employment agreement dated September 3, 2009 was at least in part motivated by animus against Dr. Talwar as an Indian national.

7

35. Defendants' actions relating to Dr. Talwar's licensure and withdrawal of her visa sponsorship was at least in part motivated by animus against Dr. Talwar's alienage.

36. Defendants' actions relating to Dr. Talwar's licensure also constitutes retaliation for opposing discrimination. Upon information and belief, at the time Plaintiff was required to procure an unlimited medical license, Defendants' permitted other Hospital doctor-employees who did not complain of discrimination to continue working for Defendants with only a limited medical license, including cardiologists, oncologists, and attending physicians who were authorized to work for SIUH with an H1-B visa.

37. Plaintiff informed Defendants that she undertook measures to adjust her immigration status so that she could obtain her permanent residence and qualify for an unlimited medical license.

38. Despite knowing that the process to adjust Dr. Talwar's immigration status was estimated to take time, yet likely to be approved, Defendants nevertheless sent Dr. Talwar a letter dated January 15, 2010, informing her that her employment will be terminated effective March 31, 2010. The letter also indicated that her decision to end her services prior to March 31, 2010 would be deemed a resignation by Defendants.

39. Defendants' discriminatory and retaliatory actions caused Plaintiff emotional distress. Termination from Defendant SIUH's employment threatened to cause separation between Dr. Talwar and her family (inclusive of her minor, young children who are United States Citizens) because Dr. Talwar's immigration status in the United States was premised on her work authorization under the O-1 Visa that SIUH had been sponsoring for her.

40. In addition, immigration counsel advised Dr. Talwar that if she lost her SIUH job, the only options available for her to stay in the United States with her family was to either

obtain a new position with an employer willing to sponsor her work visa or in the event of unemployment, apply for a hardship waiver from the Department of Homeland Security.[1]

41. Knowing that the disclosure of a termination of employment on her record would hinder her ability to find new employment, Plaintiff had no choice but to resign prior to the March 31, 2010 effective date of termination of employment set by Defendants.

42. On March 15, 2010, counsel for Dr. Talwar notified Defendants that Plaintiff had been subjected to "discriminatory and retaliatory actions" by Defendants. Counsel also submitted on Dr. Talwar's behalf, two weeks' notice of resignation and informed the Hospital that Dr. Talwar's resignation amounted to constructive termination of her employment.

43. On March 16, 2010, Defendants continued their discriminatory and retaliatory treatment of Dr. Talwar by sending Plaintiff's counsel a letter stating that that they rejected her allegations of discrimination and retaliation, demanded proof of Dr. Talwar's travels to India, and without any legitimate basis, threatened Dr. Talwar with allegations of misconduct.

44. On December 20, 2010, the United States Citizenship and Immigration Services issued Dr. Talwar her Permanent Residency status in the United States.

**FIRST CLAIM FOR RELIEF**

45. Plaintiff repeats and realleges paragraphs 1 - 44 as if fully set forth herein.

---

[1] Plaintiff applied for a waiver based *inter alia* on the hardship that would ensue if Dr. Talwar were forced to separate from her family. The waiver was approved by the Department of Homeland Security's Division of U.S. Citizenship and Immigration Services after Plaintiff's constructive termination of employment.

46. By the acts and practices described above, Defendants subjected Dr. Talwar to gender discrimination in violation of Title VII and the NYSHRL.

47.  Defendants knew that their actions constituted gender discrimination and/or willfully disregarded Plaintiff's statutorily protected rights.

48. Plaintiff is now suffering mental anguish, pain, suffering and monetary damages as a result of Defendants' discriminatory conduct.

<u>**SECOND CLAIM FOR RELIEF**</u>

49. Plaintiff repeats and realleges paragraphs 1 - 48 as if fully set forth herein.

50. By the acts and practices described above, Defendants subjected Dr. Talwar to national origin discrimination in violation of Title VII and the NYSHRL.

51.  Defendants knew that their actions constituted national origin discrimination and/or willfully disregarded Plaintiff's statutorily protected rights.

52. Plaintiff is now suffering mental anguish, pain, suffering and monetary damages as a result of Defendants' discriminatory conduct.

<u>**THIRD CLAIM FOR RELIEF**</u>

53. Plaintiff repeats and realleges paragraphs 1 - 52 as if fully set forth herein.

54. By the acts and practices described above, Defendants subjected Dr. Talwar to retaliation in violation of Title VII and the NYSHRL.

55.  Defendants knew that their actions constituted retaliation and/or willfully disregarded Plaintiff's statutorily protected rights.

56. Plaintiff is now suffering mental anguish, pain, suffering and monetary damages as a result of Defendants' discriminatory conduct.

### FOURTH CLAIM FOR RELIEF

57. Plaintiff repeats and realleges paragraphs 1 - 56 as if fully set forth herein.

58. By the acts and practices described above, Defendants denied Dr. Talwar comparable wages on the basis of her sex in violation of Title VII, the Equal Pay Act, and the Lily Ledbetter Fair Pay Act.

59.  Plaintiff received her last paycheck from Defendants in or around March 2010 and filed her charge discrimination with the Equal Employment Opportunity Commission in March 2010.

60. Defendants knew that their actions constituted discriminatory and unequal pay and/or willfully disregarded Plaintiff's statutorily protected rights.

61. Upon information and belief, the difference in pay between Dr. Talwar and the similarly situated male pathologist at SIUH resulted in a disparity of approximately $ 50, 377.77 in 2010 and $ 34, 146.04 in 2009.  Under the Lilly Ledbetter Fair Pay Act, Plaintiff is entitled to the recovery of her comparable back pay wages from two years prior to the filing of her charge which is estimated at approximately $84, 523.81.

62. Plaintiff is now also suffering mental anguish, pain, suffering and monetary damages as a result of Defendants' discriminatory conduct.

### FIFTH CLAIM FOR RELIEF

63. Plaintiff repeats and realleges paragraphs 1 – 62 as if fully set forth herein.

64. By the acts and practices described above, Defendants denied Dr. Talwar comparable wages on the basis of her sex in violation of New York State Labor Law §194.

11

65.  Plaintiff received her last paycheck from Defendants in or around March 2010 and filed
her charge discrimination with the Equal Employment Opportunity Commission in
March 2010.

66. Defendants knew that their actions constituted discriminatory and unequal pay and/or
willfully disregarded Plaintiff's statutorily protected rights.

67. Upon information and belief, the difference in pay between Dr. Talwar and the similarly
situated male pathologist at SIUH resulted in a disparity of approximately $ 50, 377.77 in
2010 and $ 34, 146.04 in 2009.

68. Under the Article 6, § 198, Plaintiff is entitled to liquidated damages in the amount equal
to  one hundred percent (100%) of the total back pay wages due, which approximate $84,
523.81.

### SIXTH CLAIM FOR RELIEF

69. Plaintiff repeats and realleges paragraphs 1 - 68 as if fully set forth herein.

70. By the acts and practices described above, Defendants discriminated against Dr. Talwar
on the basis of her gender in violation the NYCHRL.

71. Defendants knew that their actions constituted gender discrimination and/or willfully
disregarded Plaintiff's statutorily protected rights.

72. Plaintiff is now suffering mental anguish, pain, suffering, and monetary damages as a
result of Defendants' discriminatory conduct.

### SEVENTH CLAIM FOR RELIEF

73. Plaintiff repeats and realleges paragraphs 1 – 72 as if fully set forth herein.

74. By the acts and practices described above, Defendants discriminated against Dr. Talwar
on the basis of her national origin in violation of the NYCHRL.

12

75. Defendants knew that their actions constituted national origin discrimination and/or willfully disregarded Plaintiff's statutorily protected rights.

76. Plaintiff is now suffering mental anguish, pain, suffering, and monetary damages as a result of Defendants' discriminatory conduct.

## EIGHTH CLAIM FOR RELIEF

77. Plaintiff repeats and realleges paragraphs 1 – 76 as if fully set forth herein.

78. By the acts and practices described above, Defendants retaliated against Dr. Talwar in violation of the NYCHRL.

79. Defendants knew that their actions constituted unlawful retaliation and/or willfully disregarded Plaintiff's statutorily protected rights.

80. Plaintiff is now suffering mental anguish, pain, suffering and monetary damages as a result of Defendants' retaliatory conduct.

## NINTH CLAIM FOR RELIEF

81. Plaintiff repeats and realleges paragraphs 1 – 80 as if fully set forth herein.

82. By the acts and practices described above, Defendants discriminated against Dr. Talwar on the basis of her alienage in violation Sec. 1981(c).

83. Sec. 1981 provides in relevant part that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts ... and to the full and equal benefit of all laws and proceedings for the security of persons and property..." 42 U.S.C. § 1981(a).

84. Section 1981(c) and the Fourteenth Amendment to the U.S. Constitution protect "all persons" against "nongovernmental discrimination" because of alienage.

13

85. Defendants knew that their actions constituted discrimination and/or willfully disregarded Plaintiff's statutorily protected rights.

86. Plaintiff is now suffering mental anguish, pain, suffering, and monetary damages as a result of Defendants' discriminatory conduct.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment:

     a. awarding, on the First through Ninth Causes of Action, back pay, front pay, compensatory damages, liquidated damages, punitive damages, and mental anguish and pain and suffering damages as a result of Defendants' unlawful, discriminatory, and retaliatory conduct, in an amount exceeding the jurisdictional prerequisites;

     b. awarding Plaintiff such interest as allowed by law;

     c. awarding Plaintiff her reasonable attorneys' fees and costs; and

     d. granting such other and further relief as this Court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

     Plaintiff demands a trial by jury.

Dated: November 26, 2012
     New York, New York

Alan Serrins, Esq. (AS 4739)
Ann Macadangdang, Esq. (AM 1198)
SERRINS FISHER LLP
*Attorneys for Plaintiff*

14

233 Broadway, Ste. 2340
New York, New York 10279
(212) 384-0288

To:

John F. Fullerton III, Esq.
jfullerton@ebglaw.com
Epstein Becker & Green, P.C.
*Attorneys for Defendants*
250 Park Avenue
New York, New York 10177

15

EPSTEIN BECKER & GREEN, P.C.
Steven M. Swirsky
John F. Fullerton III
250 Park Avenue
New York, New York  10177-1211
(212) 351-4500
Attorneys for Defendants

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------- x

JOTICA TALWAR,                                      :    ECF Case

                              Plaintiff,            :    Case No.: 12 Civ. 0033 (CBA)(JMA)

               - against -                          :    **ANSWER TO AMENDED**
                                                    :    **COMPLAINT**
STATEN ISLAND UNIVERSITY HOSPITAL,                  :
ANTHONY C. FERRERI, and HENRY SIMPKINS,             :
                                                    :
                                                    :
                              Defendants.           :

------------------------------------------- x

      Defendants STATEN ISLAND UNIVERSITY HOSPITAL ("the Hospital"),

ANTHONY C. FERRERI ("Ferreri") and HENRY SIMPKINS ("Simpkins") (collectively

"Defendants"), through their attorneys Epstein Becker & Green, P.C., hereby answer the

Amended Complaint filed by Plaintiff JOTICA TALWAR ("Plaintiff") as follows:

<u>**NATURE OF THE ACTION**</u>

      1.    The allegations set forth in paragraph 1 of the Amended Complaint

constitute statements and conclusions of law to which no response is required.  To the extent that

paragraph 1 is deemed to contain factual allegations, Defendants deny them.

      2.    The allegations set forth in paragraph 2 of the Amended Complaint

constitute statements and conclusions of law to which no response is required.  To the extent that

paragraph 2 is deemed to contain factual allegations, Defendants deny them.

3.      Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Amended Complaint.

4.      The allegations set forth in paragraph 3 of the Amended Complaint constitute statements and conclusions of law to which no response is required.  To the extent that paragraph 4 is deemed to contain factual allegations, Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Amended Complaint.

## JURISDICTION AND VENUE

5.      The allegations set forth in paragraph 5 of the Amended Complaint constitute statements and conclusions of law to which no response is required.  To the extent that paragraph 5 is deemed to contain factual allegations, Defendants deny them.

6.      The allegations set forth in paragraph 6 of the Amended Complaint constitute statements and conclusions of law to which no response is required.  To the extent that paragraph 6 is deemed to contain factual allegations, deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Amended Complaint, except admit that the Hospital maintains a principal place of business in the State of New York, and Ferreri and Simpkins are residents of the State of New York.

7.      The allegations set forth in paragraph 7 of the Amended Complaint constitute statements and conclusions of law to which no response is required.  To the extent that paragraph 7 is deemed to contain factual allegations, Defendants deny them, except admit that the Hospital conducts business and employed Plaintiff in this district.

**A-52**

**PARTIES**

8.     Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Amended Complaint.

9.     Defendants deny the allegations set forth in paragraph 9 of the Amended Complaint, except admit that the Hospital hired Plaintiff effective June 1, 2007 as an Attending Physician and that Plaintiff advised the Hospital that she had a specialty in Hematopathology.

10.     Defendants admit the allegations set forth in paragraph 10 of the Amended Complaint.

11.     Defendants admit the allegations set forth in paragraph 11 of the Amended Complaint.

12.     Defendants deny the allegations set forth in paragraph 12 of the Amended Complaint, except admit that Simpkins serves as the Hospital's Chairman of Pathology.

13.     The allegations set forth in paragraph 13 of the Amended Complaint constitute statements and conclusions of law to which no response is required.  To the extent that paragraph 13 is deemed to contain factual allegations, Defendants deny them.

14.     The allegations set forth in paragraph 14 of the Amended Complaint constitute statements and conclusions of law to which no response is required.  To the extent that paragraph 14 is deemed to contain factual allegations, Defendants deny them.

15.     The allegations set forth in paragraph 15 of the Amended Complaint constitute statements and conclusions of law to which no response is required.  To the extent that paragraph 15 is deemed to contain factual allegations, Defendants deny them.

16.     Defendants deny the allegations set forth in paragraph 16 of the Amended

Complaint.

## **FACTUAL ALLEGATIONS**

17.   The allegations set forth in paragraph 17 of the Amended Complaint constitute, in part, statements and conclusions of law to which no response is required.  To the extent that paragraph 17 is deemed to contain factual allegations, Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Amended Complaint.

18.   Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the Amended Complaint.

19.   The allegations set forth in paragraph 19 of the Amended Complaint constitute, in part, statements and conclusions of law to which no response is required.  To the extent that paragraph 19 is deemed to contain factual allegations, Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the Amended Complaint, except admit that Simpkins sent a letter to Plaintiff's immigration attorney, dated July 22, 2009, which had been requested and, upon information and belief, drafted by Plaintiff's immigration attorney.

20.   Defendants deny the allegations set forth in paragraph 20 of the Amended Complaint.

21.   Defendants deny the allegations set forth in paragraph 21 of the Amended Complaint, except admit that Simpkins sent a letter to Plaintiff's immigration attorney, dated July 22, 2009, which had been requested and, upon information and belief, drafted by Plaintiff's immigration attorney.

22.     Defendants deny the allegations set forth in paragraph 22 of the Amended Complaint, except admit that the Hospital hired Plaintiff effective June 1, 2007.

23.     Defendants deny the allegations set forth in paragraph 23 of the Amended Complaint, except admit that Plaintiff and the Hospital entered into an employment agreement dated May 3, 2007, with Plaintiff, the content of which speaks for itself.

24.     The allegations set forth in paragraph 24 of the Amended Complaint constitute, in part, statements and conclusions of law to which no response is required.  To the extent that paragraph 24 is deemed to contain factual allegations, Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the Amended Complaint.

25.     Defendants deny the allegations set forth in paragraph 25 of the Amended Complaint, except admit that Plaintiff and the Hospital entered into an employment agreement dated August 14, 2008, the content of which speaks for itself.

26.     Defendants deny the allegations set forth in paragraph 26 of the Amended Complaint.

27.     Defendants deny the allegations set forth in paragraph 27 of the Amended Complaint, except admit that the Hospital offered Plaintiff an employment agreement dated July 9, 2009, the content of which speaks for itself.

28.     Defendants deny the allegations set forth in paragraph 28 of the Amended Complaint, except admit that Plaintiff did not sign the employment agreement dated July 9, 2009 that the Hospital offered to her.

29.     Defendants deny the allegations set forth in paragraph 29 of the Amended

Complaint and each sub-paragraph thereof.

        30.      Defendants deny the allegations set forth in paragraph 30 of the Amended Complaint, except admit that the Hospital offered Plaintiff an employment agreement dated September 3, 2009, which Plaintiff did not sign, the content of which speaks for itself.

        31.      Defendants deny the allegations set forth in paragraph 31 of the Amended Complaint, except admit that the contents of the employment agreements dated May 3, 2007 and August 14, 2008 and the unsigned agreement of September 3, 2009 speak for themselves.

        32.      Defendants deny the allegations set forth in paragraph 32 of the Amended Complaint and each sub-paragraph thereof.

        33.      Defendants deny the allegations set forth in paragraph 33 of the Amended Complaint.

        34.      Defendants deny the allegations set forth in paragraph 34 of the Amended Complaint.

        35.      Defendants deny the allegations set forth in paragraph 35 of the Amended Complaint.

        36.      Defendants deny the allegations set forth in paragraph 36 of the Amended Complaint.

        37.      Defendants deny the allegations set forth in paragraph 37 of the Amended Complaint.

        38.      Defendants deny the allegations set forth in paragraph 38 of the Amended Complaint, except admit that the Hospital sent Plaintiff a letter dated January 15, 2010, the content of which speaks for itself.

39.     Defendants deny the allegations set forth in paragraph 39 of the Amended Complaint.

40.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 40 of the Amended Complaint.

41.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 41 of the Amended Complaint.

42.     Defendants deny the allegations set forth in paragraph 42 of the Amended Complaint, except admit that counsel for Plaintiff sent a letter to several individuals employed by the Hospital, dated March 15, 2010, the content of which speaks for itself.

43.     Defendants deny the allegations set forth in paragraph 43 of the Amended Complaint, except admit that the Hospital sent a letter to Plaintiff's counsel, dated March 16, 2010, the content of which speaks for itself.

44.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 44 of the Amended Complaint.

### FIRST CLAIM FOR RELIEF

45.     In response to paragraph 45 of the Amended Complaint, Defendants repeat and reallege their responses to paragraphs 1 through 44 of the Amended Complaint as if set forth fully herein.

46.     Defendants deny the allegations set forth in paragraph 46 of the Amended Complaint.

47.     Defendants deny the allegations set forth in paragraph 47 of the Amended Complaint.

48.     Defendants deny the allegations set forth in paragraph 48 of the Amended Complaint.

## SECOND CLAIM FOR RELIEF

49.     In response to paragraph 49 of the Amended Complaint, Defendants repeat and reallege their responses to paragraphs 1 through 48 of the Amended Complaint as if set forth fully herein.

50.     Defendants deny the allegations set forth in paragraph 50 of the Amended Complaint.

51.     Defendants deny the allegations set forth in paragraph 51 of the Amended Complaint.

52.     Defendants deny the allegations set forth in paragraph 52 of the Amended Complaint.

## THIRD CLAIM FOR RELIEF

53.     In response to paragraph 53 of the Amended Complaint, Defendants repeat and reallege their responses to paragraphs 1 through 52 of the Amended Complaint as if set forth fully herein.

54.     Defendants deny the allegations set forth in paragraph 54 of the Amended Complaint.

55.     Defendants deny the allegations set forth in paragraph 55 of the Amended Complaint.

56.     Defendants deny the allegations set forth in paragraph 56 of the Amended

Complaint.

### FOURTH CLAIM FOR RELIEF

57.    In response to paragraph 57 of the Amended Complaint, Defendants repeat and reallege their responses to paragraphs 1 through 56 of the Amended Complaint as if set forth fully herein.

58.    Defendants deny the allegations set forth in paragraph 58 of the Amended Complaint.

59.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 59 of the Amended Complaint, except admit that the Hospital paid Plaintiff her last paycheck in or around March 2010.

60.    Defendants deny the allegations set forth in paragraph 60 of the Amended Complaint.

61.    Defendants deny the allegations set forth in paragraph 61 of the Amended Complaint.

62.    Defendants deny the allegations set forth in paragraph 62 of the Amended Complaint.

### FIFTH CLAIM FOR RELIEF

63.    In response to paragraph 63 of the Amended Complaint, Defendants repeat and reallege their responses to paragraphs 1 through 62 of the Amended Complaint as if set forth fully herein.

64.    Defendants deny the allegations set forth in paragraph 64 of the Amended

**A-59**

Complaint.

65.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 65 of the Amended Complaint, except admit that the Hospital paid Plaintiff her last paycheck in or around March 2010.

66.     Defendants deny the allegations set forth in paragraph 66 of the Amended Complaint.

67.     Defendants deny the allegations set forth in paragraph 67 of the Amended Complaint.

68.     Defendants deny the allegations set forth in paragraph 68 of the Amended Complaint.

## SIXTH CLAIM FOR RELIEF

69.     In response to paragraph 69 of the Amended Complaint, Defendants repeat and reallege their responses to paragraphs 1 through 68 of the Amended Complaint as if set forth fully herein.

70.     Defendants deny the allegations set forth in paragraph 70 of the Amended Complaint.

71.     Defendants deny the allegations set forth in paragraph 71 of the Amended Complaint.

72.     Defendants deny the allegations set forth in paragraph 72 of the Amended Complaint.

**A-60**

<u>**SEVENTH CLAIM FOR RELIEF**</u>

73.    In response to paragraph 73 of the Amended Complaint, Defendants repeat and reallege their responses to paragraphs 1 through 72 of the Amended Complaint as if set forth fully herein.

74.    Defendants deny the allegations set forth in paragraph 74 of the Amended Complaint.

75.    Defendants deny the allegations set forth in paragraph 75 of the Amended Complaint.

76.    Defendants deny the allegations set forth in paragraph 76 of the Amended Complaint.

<u>**EIGHTH CLAIM FOR RELIEF**</u>

77.    In response to paragraph 77 of the Amended Complaint, Defendants repeat and reallege their responses to paragraphs 1 through 76 of the Amended Complaint as if set forth fully herein.

78.    Defendants deny the allegations set forth in paragraph 78 of the Amended Complaint.

79.    Defendants deny the allegations set forth in paragraph 79 of the Amended Complaint.

80.    Defendants deny the allegations set forth in paragraph 80 of the Amended Complaint.

## NINTH CLAIM FOR RELIEF

81.     In response to paragraph 81 of the Amended Complaint, Defendants repeat and reallege their responses to paragraphs 1 through 80 of the Amended Complaint as if set forth fully herein.

82.     Defendants deny the allegations set forth in paragraph 82 of the Amended Complaint.

83.     The allegations set forth in paragraph 83 of the Amended Complaint constitute statements and conclusions of law to which no response is required.  To the extent that paragraph 83 is deemed to contain factual allegations, Defendants deny them.

84.     The allegations set forth in paragraph 84 of the Amended Complaint constitute statements and conclusions of law to which no response is required.  To the extent that paragraph 84 is deemed to contain factual allegations, Defendants deny them.

85.     Defendants deny the allegations set forth in paragraph 85 of the Amended Complaint.

86.     Defendants deny the allegations set forth in paragraph 86 of the Amended Complaint.

## PRAYER FOR RELIEF

87.     Defendants deny each and every sub-paragraph of Plaintiff's "Prayer for Relief" and deny that Plaintiff is entitled to any relief whatsoever.

## DEMAND FOR A TRIAL BY JURY

88.     Defendants aver that the paragraph entitled "Demand for Trial by Jury" is

a jury demand to which no response is required.

<u>DEFENSES</u>

**FIRST DEFENSE**

89.    The Amended Complaint fails to state a claim, in whole or in part, upon which relief could be granted.

**SECOND DEFENSE**

90.    Plaintiff's claims are barred because the Fourteenth Amendment applies only to State action.

**THIRD DEFENSE**

91.    Plaintiff is barred from recovering against Defendants based on the doctrines of unclean hands, waiver and/or estoppel.

**FOURTH DEFENSE**

92.    The Amended Complaint fails to state a claim against Defendants Ferreri and Simpkins because they are not employers under Title VII, the Equal Pay Act, or the New York State Labor Law and because, as a matter of State and City law, they cannot be aiders and abettors.

**FIFTH DEFENSE**

93.    Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

**SIXTH DEFENSE**

94.    Plaintiff's claims are barred because the Hospital has reasonable policies and procedures in place to prevent and correct promptly the harm alleged, and Plaintiff

unreasonably failed to avail herself of those policies and procedures or to avoid harm otherwise.

### SEVENTH DEFENSE

95.     All decisions related to Plaintiff, if any, were based upon legitimate, non-discriminatory business reasons.

### EIGHTH DEFENSE

96.     Plaintiff's claims for liquidated damages, punitive damages, and/or an award of attorneys' fees and/or costs are barred, in whole or in part, because such damages are not available for some or all of the claims and because Defendants did not engage in any conduct rising to the level required to sustain such awards.

### NINTH DEFENSE

97.     Plaintiff's claims are barred, in whole or in part, due to her failure to mitigate some or all of her damages, and because she is not eligible to receive the relief requested.

### TENTH DEFENSE

98.     The Amended Complaint is barred in whole or in part by the exclusivity of the New York Workers' Compensation Law.


        WHEREFORE, Defendants respectfully request that this Court dismiss the Amended Complaint and all claims for relief set forth therein with prejudice and grant such other and further relief as this Court may find just and proper, including reimbursement for the attorneys' fees and costs incurred in defending this action.

**A-64**

Dated: New York, New York
      December 13, 2012

By:   s/ Steven M. Swirsky
       Steven M. Swirsky
       John F. Fullerton III
  Epstein Becker & Green, P.C.
  250 Park Avenue
  New York, New York 10177
  (212) 351-4640
  (212) 878-8650 (fax)
  sswirsky@ebglaw.com

To:    Ann Macadangdang
      Serrins & Associates LLC
      233 Broadway, 18th Floor
      New York, New York 10279
      Attorneys for Plaintiff

## EPSTEIN BECKER & GREEN, P.C.

ATTORNEYS AT LAW
250 PARK AVENUE
NEW YORK, NEW YORK 10177-1211
212.351.4500
FAX: 212.878.8600
WWW.EBGLAW.COM

JOHN F. FULLERTON III
212.351.4580
JFULLERTON@EBGLAW.COM

February 20, 2013

**BY ECF**
The Hon. Carol Bagley Amon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

>    Re:  Jotica Talwar v. Staten Island University Hospital, et. al.
>         Case No. 12 Civ. 0033 (CBA)(JMA)

Dear Chief Judge Amon:

We represent Defendants Staten Island University Hospital ("SIUH"), Anthony Ferreri, and Dr. Henry Simpkins and write pursuant to Your Honor's Individual Motion Practices and Rules, Section 3.A., to request a pre-motion conference prior to filing a summary judgment motion pursuant to F.R.C.P. 56.   Plaintiff's Complaint alleges claims of national origin and gender discrimination and retaliation under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), the New York State Human Rights Law ("NYSHRL"), and New York City Human Rights Law ("NYCHRL"), sex-based pay discrimination under the Equal Pay Act ("EPA"), Title VII, the Lily Ledbetter Fair Pay Act, and New York Labor Law § 194 ("§ 194"), and alienage discrimination under 42 U.S.C. § 1981(c) ("§ 1981")/Fourteenth Amendment of the U. S. Constitution ("14th Amendment").   In short, Defendants are entitled to summary judgment dismissing Plaintiff's claims in their entirety because:

- There is no evidence that Plaintiff's national origin or alienage played any role in her termination; indeed, she claims that her national origin and immigration status were used as *pretext* for her termination.

- She cannot sustain her retaliation claim because the undisputed evidence shows that she did not engage in protected activity as a matter of law.

- There is no evidence of *intentional* gender discrimination with respect to her salary, as required to sustain her Title VII claim.

- She cannot sustain her EPA claim because the undisputed facts show that (i) Plaintiff and her sole comparator, Dr. Fanyi Kong, did not perform "equal work on jobs the performance of which requires equal skill, effort, and responsibility;" and (ii) Dr. Kong's higher salary was based on "factor[s] other than sex."

ATLANTA · BOSTON · CHICAGO · HOUSTON · INDIANAPOLIS · LOS ANGELES
NEWARK · NEW YORK · SAN FRANCISCO · STAMFORD · WASHINGTON, DC

The Hon. Carol Bagley Amon
February 20, 2013
Page 2

## Statement of Relevant Facts

Plaintiff, an Indian national, came to the U.S. in 1992 on a J-2 visa. In 1999, she was hired by South Shore Pathology, P.C. ("South Shore") as a pathologist, with a specialty in hematopathology. South Shore was under contract to provide pathologists to SIUH. To stay and work in the U.S., Plaintiff obtained an O-1 visa, which is initially granted for a 3-year period, and must be renewed annually thereafter. U.S. Citizenship and Immigration Services states that "[t]o qualify for an O-1 visa, the beneficiary must demonstrate extraordinary ability by *sustained national or international acclaim* and must be coming *temporarily* to the United States to continue work in the area of extraordinary ability." (Emphasis added). Plaintiff admits that she did not meet that high level of acclaim and was not in the U.S. "temporarily." Further, when she was hired by South Shore in 1999, Plaintiff did not hold a regular New York medical license, but only a limited license. To obtain an unlimited medical license, a physician must be a citizen or permanent resident of the U.S. In 1999, under N.Y. Educ. Law § 6524 ("§ 6524"), an alien physician on an O-1 visa could obtain a limited license to practice medicine in the State for three years, with the ability to receive a maximum extension of up to six additional years, as long as the physician was "actively pursuing" permanent residence. It is undisputed that to obtain permanent residence in the U.S., Plaintiff would have to return to India for two years, or file for and obtain a discretionary "hardship" waiver of this requirement.

In 2007, SIUH terminated its contract with South Shore and directly hired the pathologists on one-year contracts, which were renewed annually. SIUH expected its attending physicians to hold unlimited medical licenses, and routinely stated this requirement in all the physicians' contracts. An exception was made for Plaintiff at the time she was hired directly by SIUH because she had not yet obtained an unlimited license, but it was expected that she would do so promptly. Yet, by 2008, Plaintiff had been on an O-1 visa for 9 years and had done almost nothing to obtain permanent resident status, which she needed to obtain an unlimited license. In July 2008, Plaintiff informed SIUH that she had exhausted her extensions under § 6524 for a limited medical license and would be unable to practice medicine in N.Y. after September 30, 2008. Fortuitously, in August 2008, just weeks before Plaintiff would have lost the ability to practice medicine in N.Y. and work at SIUH, § 6524 was amended, enabling Plaintiff to apply for another extension. The incident, however, highlighted the need for her to obtain an unlimited license.

In January 2008, Dr. Simpkins extended an offer of employment to Dr. Bette Lazzaro, female, on behalf of SIUH to work as a pathologist at an annual salary of $231,000. In July 2008, Dr. Simpkins offered employment to another pathologist, Dr. Fanyi Kong, male, at an annual salary of $200,000. At that time, Plaintiff earned $174,720 at SIUH. In January 2009, Plaintiff allegedly learned that Dr. Kong's salary was higher than hers. Plaintiff subsequently told three fellow female pathologists what Dr. Kong was earning. In or about August 2009, Plaintiff and two of those physicians informed Dr. Simpkins that they wanted higher salary increases than they had been offered in their 2008-2009 contracts. It is undisputed that Dr. Kong's *gender* was never mentioned or discussed by Plaintiff or any of the other doctors, amongst themselves or, more importantly, with Dr. Simpkins, as the alleged reason for the difference in pay. Rather, they were upset that a *newly-hired* pathologist was making more than they were. The other physicians who met with Dr. Simpkins, one of whom is also Indian, continue to work at SIUH.

In September 2009, because Plaintiff had procrastinated for years and not obtained an unlimited medical license, SIUH included a provision in her renewal contract that she must do so by December 31, 2009, and granted SIUH the right to terminate her employment if she failed to do so.

FIRM:19992852v7

The Hon. Carol Bagley Amon
February 20, 2013
Page 3

SIUH did this because it could not risk losing its sole hematopathologist on short notice, as almost occurred in 2008, and might occur with each renewal, and because it could take up to six months or more to recruit a suitable replacement.  In addition, SIUH was no longer comfortable sponsoring her O-1 visa, which was expiring at the end of July 2010, because (i) she did not truly meet the qualifications, and (ii) it was not "critical" or "essential" to SIUH that she, in particular, render services to SIUH.  Plaintiff failed to obtain an unlimited medical license by December 31, 2009.  Indeed, she waited until December 31, 2009 before filing the first (of several) necessary documents to begin the process of applying for permanent residence in the U.S.  In January 2010, SIUH notified Plaintiff that her employment was terminated effective March 31, 2010.  On March 15, 2010, Plaintiff resigned.

**Argument**

First, Plaintiff fails to state a *prima facie* claim of national origin and/or alienage discrimination because she cannot demonstrate that her termination occurred under circumstances giving rise to an inference of discrimination.  The record is devoid of facts that any of the Defendants held a discriminatory animus against Indian nationals.  Indeed, SIUH employs many physicians of Indian national origin and/or non-U.S. citizens.  Further, Plaintiff claims that her national origin/non-citizen status were used as pretext—not the real reason—for her allegedly retaliatory discharge, completely undercutting these claims.

Second, Plaintiff's retaliation claims fail because Plaintiff did not engage in protected activity.  To constitute "protected activity," Plaintiff must, at a minimum, make clear that she was opposing a practice made unlawful by Title VII/EPA.  Plaintiff has admitted that she did not tell Dr. Simpkins that she felt her salary was lower than Dr. Kong's because she was a woman.  Rather, she testified that it was "obvious"–which is neither evidence of discrimination nor sufficient to constitute protected activity under the anti-retaliation provisions at issue here.  Further, there is no evidence of a retaliatory motive, but rather, substantial evidence that SIUH had a legitimate, non-retaliatory motive for Plaintiff's termination.

Third, Plaintiff's pay discrimination claims fail as a matter of law.  To succeed on her Title VII claim, Plaintiff must prove discriminatory intent.  The record is devoid of facts demonstrating that any alleged pay differential was motivated by sex.  Further, Dr. Lazzaro earned substantially more than Dr. Kong, to whom Plaintiff compares herself.

Finally, the undisputed evidence shows that Plaintiff and Dr. Kong did not perform "equal work on jobs the performance of which requires equal skill, effort, and responsibility" for purposes of establishing her EPA claim. Further, the undisputed facts establish SIUH's affirmative defense that Dr. Kong's higher salary was based on a "factor other than sex."  When Dr. Kong was hired, nine years after Plaintiff was hired, the market rates for pathologists were drastically different, and pathologists (including females such as Dr. Lazzaro) could and did generally command a higher starting salary.  Further, Dr. Kong had done a more prestigious fellowship and had more overall experience as a pathologist than did Plaintiff.

Respectfully,

*John F. Fullerton III*

John F. Fullerton III

cc:    Ann Macadangdang, Esq.

FIRM:19992852v7

**EPSTEIN BECKER & GREEN, P.C.**

ATTORNEYS AT LAW
250 PARK AVENUE
NEW YORK, NEW YORK 10177-1211
212.351.4500
FAX: 212.878.8600
WWW.EBGLAW.COM

JOHN F. FULLERTON III
212.351.4580
JFULLERTON@EBGLAW.COM

February 22, 2013

**VIA ECF**

The Hon. Carol Bagley Amon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:  Jotica Talwar v. Staten Island University Hospital, et. al.
>       Case No. 12 Civ. 0033 (CBA) (JMA)

Dear Chief Judge Amon:

   We represent Defendants in the above-referenced matter.  On February 20, 2013, we filed a letter pursuant to Your Honor's Individual Motion Practices and Rules, Section 3.A., requesting a pre-motion conference prior to filing a summary judgment motion.  We write to inform you that we have discovered a typographical error in our submission and submit this letter to correct it.  Specifically, in the third paragraph of page 2 of our letter, it states that in July 2008, Dr. Fanyi Kong was offered employment at Staten Island University Hospital at an annual salary of $200,000.  Dr. Kong's starting salary in 2008 was $210,000.  We apologize for the error.

   Very truly yours,

   John F. Fullerton III

JFF:db

cc: Ann Macadangdang, Esq.

ATLANTA • BOSTON • CHICAGO • HOUSTON • INDIANAPOLIS • LOS ANGELES
NEWARK • NEW YORK • SAN FRANCISCO • STAMFORD • WASHINGTON, DC

FIRM:20163634v1

S E R R I N S
F I S H E R | LLP

**VIA ECF**
Honorable Carol Bagley Amon
United States District Judge
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

February 27, 2013

The Woolworth Building
233 Broadway, Suite 2340
New York, New York 10279
TEL 212.571.0700
FAX 212.233.3801
www.serrinsfisher.com

Re: *Jotica Talwar v. Staten Island University Hospital, et. al* CV: 12-33(CBA)(JMA)

Dear Chief Judge Amon:

Our firm represents the Plaintiff, Dr. Jotica Talwar, in the above-referenced matter.  We submit this letter in response to the statement by Staten Island University Hospital ("SIUH"), Anthony C. Ferreri (President), and Henry Simpkins (Chair of Pathology) (collectively, "Defendants") setting forth the basis for their motion for summary judgment and in anticipation of the pre-motion conference scheduled before Your Honor on March 19, 2013 at 2:00 P.M.

**Background**

Dr. Talwar is a woman of Indian descent who opposed discriminatory treatment in that Defendants paid her (and other similarly situated female pathologists) unequal pay in comparison to a male pathologist.  As a result of her complaints, Defendants changed the terms and conditions of Dr. Talwar's contract of employment, notified her that the sponsorship of her employer-based immigration visa would be withdrawn (before its expiration date and prior to the end of the current contract year), and served her with a notice of termination.  Prior to her effective date of termination, Dr. Talwar, through her counsel, served notice of her constructive termination on Defendants and instituted a proceeding with the Equal Employment Opportunity Commission.  Upon issuance of a Notice of the Right to Sue, Dr. Talwar commenced the instant action based on federal question and diversity of citizenship jurisdiction between the parties.[1]

**Genuine Disputes of Material Fact Exists on Each of Dr. Talwar's Claims**

Summary judgment should be precluded in this case based on the following disputed facts:

**Disparate Pay Based on Gender**

In 1999, Dr. Talwar began working as an Attending Pathologist for Defendant SIUH through a contract it had with South Shore Pathology P.C.  In June 2007, she became a direct SIUH employee and received an annual employment contract.  In 2008, Dr. Talwar learned that Defendants paid a male pathologist much more money for substantially similar work as shown here:

| Name | Gender | Speciality | Title | Date of Hire | 2008 | 2009 | 2010 |
|------|--------|------------|-------|--------------|------|------|------|
| Mody, K | F | Surgical | Attn Dr. | June 2007 | 185,640 | 185,640 | 191,209 |
| Wrzolek, M | F | Surgical /Neuropathology | Attn Dr. | June 2007 | 181,513 | 193,279 | 201,181 |
| **Talwar, J** | **F** | **Surgical/ Hematopathology** | **Attn Dr.** | **June 2007** | **171,191** | **174,720** | **174,720** |
| Pabicon, V | F | Surgica/ Cytopathology | Attn Dr. | June 2007 | 189,280 | 191,966 | 200,807 |
| Khilko, N | F | Surgical | Attn Dr. | June 2007 | 120,336 | 145,429 | x |
| **Kong, F** | **M** | **Surgical** | **Attn Dr.** | **August 2008** | **210,000** | **216,300** | **222,789** |
| Villanueva, J | F | Surgical/Cytopathology | Attn Dr. | September 2008 | 185,000 | 186,687 | 196,267 |
| Noreen, S | F | Surgical | Attn Dr. | August 2009 | x | 159,000 | 163,770 |

---

[1] Dr. Talwar is a resident of New Jersey whereas all Defendants are residents of New York.  The amount of the case in controversy far exceeds the jurisdictional prerequisite and thus, Plaintiff maintains that the appropriate standards set forth in the Administrative Code for the City of New York and the New York Labor Law should be applied on her national origin and gender discrimination, retaliation, and unequal pay causes of action.